1   Rob Bonta, State Bar No. 202668
    Attorney General of California
2   William C. Kwong
    Supervising Deputy Attorney General
3   Nilufar K. Majd, State Bar No. 246017
    Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 229-0114
    Facsimile:  (415) 703-5843
6   E-mail:  Nilu.Majd@doj.ca.gov
    *Attorneys for Defendants California Department of*
7   *Corrections and Rehabilitation, B. Kibler, M.*
    *Knedler, J. Flores, R. Chandler, S. Kelly, J. Yocius,*
8   *M. Kelly, M. Zarate, M. Woodruff, E. Hall,*
    *L. Ochoa, and B. Rice*

Andrew J. Kopke, SBN 340036
Law Offices of Andrew J. Kopke
199 Cook Street, Suite 308
Brooklyn, NY 11206-3778
Ajekopke.law@gmail.com
(510)-545-6210
*Attorney for Plaintiff*
*Wendy Greene*

9

10

11   IN THE UNITED STATES DISTRICT COURT

12   FOR THE EASTERN DISTRICT OF CALIFORNIA

13   SACRAMENTO DIVISION

14

15   **WENDY GREENE, individually, and in her
     capacity as successor in interest to the
16   Estate of Michael Hastey,**

17                                      Plaintiff,

18        **v.**

19   **CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
20   REHABILITATION, S. KELLY,
     L. OCHOA, J. YOCIUS, B. KIBLER,
21   M. WOODRUFF, B. RICE, R.
     CHANDLER, M. ZARATE, E. HALL,
22   J. FLORES, M. KNEDLER, M. KELLY,
     A. DAVY, V. HAUSER, AND K. OLIVER,**

23                                   Defendants.

24

25

Case No. 2:23-cv-00082- WBS-DMC

**STIPULATED PROTECTIVE ORDER**

Judge:         The Hon. Dennis M. Cota
Trial Date:    None Set
Action Filed:  January 13, 2023

26

27

28

1

1. **PURPOSES AND LIMITATIONS**

This action is likely to involve the disclosure of confidential materials for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order").

The parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery responses, and that the protection this Order affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information or items under seal; General Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file materials under seal.

While the primary purpose of this Order is to set forth a framework for the prompt resolution of future disputes over the confidentiality of discovery materials, the parties have also agreed that certain items will be designated as confidential, and that this designation will not be challenged by either party. Specifically, the parties have agreed that CDCR's video footage of the killing of Michael Hastey will be designated as CONFIDENTIAL, subject to the general limitations on the scope of this Order set forth in Section 3 below. The parties have agreed that this footage should be treated as confidential because it depicts an extremely violent attack, the physical layout of High Desert State Prison, and CDCR's operational response to a serious incident. Additionally, the public disclosure of this footage may negatively impact the ongoing prosecution of the assailants and impinge on the privacy rights of third parties.

2. **DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that may only be

2

1   disclosed to the counsel of record in this action, as well as counsel's support staff and experts.

2        2.3    "CONFIDENTIAL"  Information or Items:  information (regardless of how it is

3   generated, stored or maintained) or tangible things that qualify for protection as stated in Section

4   2.2 and may be disclosed to the parties in this action.

5        2.4    Designating Party:  a Party or Non-Party that designates information or items that

6   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

7   "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

8        2.5    Disclosure or Discovery Material:  all items or information, regardless of the

9   medium or manner in which it is generated, stored, or maintained (including, among other things,

10   testimony, transcripts, and tangible things), that are produced, made available for inspection, or

11   generated in disclosures or responses to discovery in this matter.

12        2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

13   the litigation who has been or may be retained by a Party or its counsel to serve as an expert

14   witness or as a consultant in this action, or who may testify as a non-retained expert.

15        2.7    Non-Party:  any natural person, partnership, corporation, association, or other legal

16   entity not named as a Party to this action.

17        2.8    Counsel of Record:  attorneys who are retained to represent or advise a party to

18   this action and have appeared in this action on behalf of that party or are affiliated with a law firm

19   which has appeared on behalf of that party, as well as their support staff.  No current inmate or

20   relative of a Party who is not an employee of Counsel's firm shall qualify as support staff in this

21   case.

22        2.9    Party:  any party to this action, including all of its officers, directors, employees,

23   consultants, retained experts, and Counsel of Record (and their support staffs).

24        2.10   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

25   Material in this action.

26        2.11   Professional Vendors:  persons or entities that provide litigation support services

27   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

28   organizing, storing, or retrieving data in any form or medium) and their employees and

3

subcontractors.  Professional Vendors who visit any prison, must comply with the institution's rules and entry procedures, as well as any applicable portions of the Department Operations Manual and the California Code of Regulations.

2.12    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.13    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  This order does not govern any use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care

4

1  to limit any such designation to specific material that qualifies under the appropriate standards.

2  The Designating Party must designate for protection only those parts of material, documents,

3  items, or oral or written communications that qualify – so that other portions of the material,

4  documents, items, or communications for which protection is not warranted are not swept

5  unjustifiably within the ambit of this Order.

6  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

7  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

8  unnecessarily encumber or retard the case development process or to impose unnecessary

9  expenses and burdens on other parties) expose the Designating Party to sanctions.

10  If it comes to a Designating Party's attention that information or items that it designated

11  for protection do not qualify for protection, the Designating Party must promptly notify all other

12  Parties that it is withdrawing the mistaken designation.

13  5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order,

14  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

15  protection under this Order must be clearly so designated before the material is disclosed or

16  produced.

17  Designation in conformity with this Order requires:

18  (a)  for information in documentary form (e.g., paper or electronic documents, but

19  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

20  Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES

21  ONLY" to each page that contains protected material provided that such marking does not

22  obscure the content of any record.  If only a portion or portions of the material on a page qualifies

23  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

24  making appropriate markings in the margins).

25  (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

26  Designating Party identify the specific portions of the testimony as to which protection is sought

27  within 14 days of a hearing where no court reporter was present, or, in the case of a proceeding

28  where a court reporter is present, within 14 days of receipt of the transcript. Only those portions

of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the item, container, or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 7 days of the date of service of notice unless the Parties agree to confer on a later date.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

6

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 141.1 (and in compliance with Civil Local Rule 140, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

///

///

7

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or items.  Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Parties, any third party, or the public.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to:

(a)   the Receiving Party's Counsel of Record in this action, as well as staff and employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A. Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation. Counsel is responsible for ensuring that their staff complies with this Order;

(b)   Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)   the court and its personnel;

(d)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

8

have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, and provided that the witness does not leave any deposition with copies of any Protected Material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)  the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it; and

(g)  mediators, settlement officers, and their supporting personnel, mutually agreed on by the Parties engaged in settlement discussions.

7.3    Disclosure of "CONFIDENTIAL" Information or items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL" may only be disclosed to:

(a)  the Receiving Party's Counsel of Record in this action as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL" or make copies of any item or information so designated, except as necessary for this litigation. Counsel is responsible for ensuring that their staff complies with this Order;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

9

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)  the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it;

(g) mediators, settlement officers, and their supporting personnel, mutually agreed on by the Parties engaged in settlement discussions; and

(h)  the Parties in this action.

## 8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

10

determination by the court from which the subpoena or order issued, unless the Party has obtained

the Designating Party's permission.  The Designating Party shall bear the burden and expense of

seeking protection in that court of its confidential material – and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
**THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY."  Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order.  Nothing in these provisions should

be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-

Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

1    burden and expense of seeking protection in this court of its Protected Material.

2    **10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

3         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4    Material labeled "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

5    any person or in any circumstance not authorized under this Order, the Receiving Party must

6    immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including

7    identifying the person or persons to whom unauthorized disclosures were made, (b) use its best

8    efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or

9    persons to whom unauthorized disclosures were made of all the terms of this Order; and (d)

10   request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

11   that is attached hereto as Exhibit A.

12   **11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

13        **<u>PROTECTED MATERIAL</u>**

14        When a Producing Party gives notice to Receiving Parties that certain inadvertently

15   produced material is subject to a claim of privilege or other protection, the obligations of the

16   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

17   provision is not intended to modify whatever procedure may be established in an e-discovery

18   order that provides for production without prior privilege review. Pursuant to Federal Rule of

19   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

20   communication or information covered by the attorney-client privilege or work product

21   protection, the parties may incorporate their agreement in the stipulated protective order

22   submitted to the court.

23   **12.    <u>MISCELLANEOUS</u>**

24        12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

25   seek its modification by the Court in the future.

26        12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no

27   Party waives any right it otherwise would have to object to disclosing or producing any

28   information or item on any ground not addressed in this Order. Similarly, no Party waives any

12

1  right to object on any ground to use in evidence of any of the material covered by this Order.

2         12.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party

3  or a court order secured after appropriate notice to all interested persons, a Party may not file in

4  the public record in this action any Protected Material. A Party that seeks to file under seal any

5  Protected Material must comply with Local Rule 141 provided, however, that a Party filing a

6  request to seal documents designated by another as "CONFIDENTIAL" or "CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY" shall state in the request that the documents were designated as

8  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating

9  Party, and the Designating Party shall then bear the burden of showing good cause or

10  demonstrating compelling reasons for sealing the documents using the procedures set forth in

11  Local Rule 141.  In this instance, the Designating Party must file a document establishing that the

12  designated materials are sealable within five (5) court days of the filing of the motion to seal.  In

13  the event the court denies any party's Request to Seal Documents, the material may be filed in the

14  public record.

15  **13.**    **<u>FINAL DISPOSITION</u>**

16         13.1   <u>Return or Destruction of Protected Material</u>.  Within 60 days after the final

17  disposition of this action, as defined in paragraph 4, each Receiving Party must return all

18  Protected Material to the Producing Party or destroy such material.  As used in this subdivision,

19  "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

20  format reproducing or capturing any of the Protected Material.  Whether the Protected Material is

21  returned, or destroyed, the Receiving Party must submit a written certification to the Producing

22  Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that

23  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

24  or any other format reproducing or capturing any of the Protected Material, other than the

25  exceptions set forth in section 13.2.

26         13.2   <u>Right to Retain Certain Categories of Material</u>.  Notwithstanding this section,

27  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

28  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

13

1   reports, attorney work product, and consultant and expert work product, even if such materials

2   contain Protected Material.  Any such archival copies that contain or constitute Protected Material

3   remain subject to this Protective Order as set forth in Section 4 (DURATION).

4

5           **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7   Dated:  June 1, 2023                          Respectfully submitted,

8                                                 **/s/ Andrew Kopke_____**

9                                                 Andrew J. Kopke
                                                  *Attorney for Plaintiff*
10

    Dated:  May 31, 2023                          Respectfully submitted,
11

12                                                */s/ Nilufar K. Majd_____*

13                                                NILUFAR K. MAJD
                                                  Deputy Attorney General
14                                                *Attorneys for Defendants California*
                                                  *Department of Corrections and*
15                                                *Rehabilitation, B. Kibler, M. Knedler, J.*
                                                  *Flores, R. Chandler, S. Kelly, J. Yocius,*
16                                                *M. Kelly, M. Zarate, M. Woodruff, E. Hall,*
                                                  *L. Ochoa, and B. Rice*
17

18

19          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21   **Dated:  June 5, 2023**

22                                                _____
                                                  DENNIS M. COTA
23                                                UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of_____

_____ [print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Eastern District of California on _____ (date) in the case of

*Wendy Greene v. CDCR, et al*., Case No. 2:23-cv-00082- WBS-DMC. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

  I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____[printed name]


Signature: _____[signature]