UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WENDY GREENE,

              Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, BRIAN KIBLER, M.
KNEDLER, J. FLORES, R. CHANDLER,
S. KELLY, J. YOCIUS, M. KELLY,
M. ZARATE, M. WOODRUFF, E. HALL,
L. OCHOA, B. RICE, A. DAVY, V.
HAUSER, K. OLIVER, and DOES 1-
35,

              Defendants.

No. 2:23-cv-00082 WBS DMC

MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS

----oo0oo----

          Plaintiff Wendy Greene brought this action alleging

failure to protect, deliberate indifference to serious medical

needs, and deprivation of familial association under 42 U.S.C. §

1983, and negligence and wrongful death under California law.

(Compl. (Docket No. 1).)  This action concerns the death of

plaintiff's son, Michael Hastey, who was incarcerated at High

1

1  Desert State Prison and was killed by two other inmates on

2  February 18, 2022.  (See id. ¶¶ 1-2.)

3           Defendants -- the California Department of Corrections

4  ("CDCR") and various prison officials -- now move for partial

5  judgment on the pleadings on plaintiff's wrongful death and

6  negligence causes of action on the ground that plaintiff failed

7  to comply with the California Government Claims Act.  (Docket No.

8  31.)

9  I.   Judicial Notice

10          Though a court generally may not consider material

11 outside the complaint on a motion to dismiss, the court may look

12 beyond the pleadings at "matters of which a court may take

13 judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

14 551 U.S. 308, 322 (2007).  Under Federal Rule of Evidence 201, a

15 court may take judicial notice of an adjudicative fact that is

16 "not subject to reasonable dispute because it: (1) is generally

17 known within the trial court's territorial jurisdiction; or (2)

18 can be accurately and readily determined from sources whose

19 accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

20          Defendants request that the court take judicial notice

21 of plaintiff's government claim form filed pursuant to the

22 California Government Claims Act, Cal. Gov't Code § 900 et

23 seq.  (See Docket No. 31 at 13-14 ("Claim Form").)  Plaintiff

24 does not dispute the accuracy of the document provided by

25 defendant and does not object to the court taking judicial notice

26 of the claim form.  (See Docket No. 38 at 4.)  The court will

27 therefore grant defendants' request for judicial notice.  See

28 City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 (9th Cir. 2004)

                                  2

1  (a court "may take judicial notice of a record of a state agency

2  not subject to reasonable dispute").

3  II.  California Government Claims Act

4        The California Government Claims Act requires

5  presentation of a claim as a condition precedent to maintaining

6  any cause of action seeking damages against a public entity.  See

7  Cal. Gov't. Code § 905; City of San Jose v. Superior Court, 12

8  Cal. 3d 447, 454 (1974); Mangold v. Cal. Pub. Utilities Comm'n,

9  67 F.3d 1470, 1477 (9th Cir. 1995).  "Compliance with the claims

10 statutes is mandatory and failure to file a claim is fatal to the

11 cause of action," see City of San Jose, 12 Cal. 3d at 454

12 (internal citations omitted), including for actions asserting

13 tort claims, see Donohue v. State, 178 Cal. App. 3d 795, 797 (2d

14 Dist. 1986).

15       To sufficiently present a claim, the claimant must

16 include "[t]he date, place and other circumstances of the

17 occurrence or transaction which gave rise to the claim asserted,"

18 and "[a] general description of the indebtedness, obligation,

19 injury, damage or loss incurred so far as it may be known at the

20 time of the presentation of the claim."  Cal. Gov't. Code § 910.

21 The claim must "provide the public entity sufficient information

22 to enable it to adequately investigate claims and to settle them,

23 if appropriate, without the expense of litigation."  City of San

24 Jose, 12 Cal. 3d at 455.

25       In Stockett v. Association of California Water Agencies

26 Joint Powers Insurance Authority, 34 Cal. 4th 441 (2004), the

27 California Supreme Court thoroughly explained the standards a

28 claim must meet to satisfy the Government Claims Act.  The Court

3

1  stated that a claim "need not contain the detail and specificity
2  required of a pleading" or "specify each particular act or
3  omission later proven to have caused the injury," but rather
4  "need only fairly describe what the entity is alleged to have
5  done." Id. at 446 (internal quotation marks omitted, alteration
6  adopted). "As the purpose of the claim is to give the government
7  entity notice sufficient for it to investigate and evaluate the
8  claim, not to eliminate meritorious actions, the claims statute
9  should not be applied to snare the unwary where its purpose has
10 been satisfied." Id. (internal quotations omitted).

11       "A complaint's fuller exposition of the factual basis
12 beyond that given in the claim is not fatal, so long as the
13 complaint is not based on an entirely different set of facts."
14 Id. at 447 (internal quotation marks omitted). "Only where there
15 has been a complete shift in allegations, usually involving an
16 effort to premise civil liability on acts or omissions committed
17 at different times or by different persons than those described
18 in the claim, have courts generally found the complaint barred."
19 Id. (internal quotation marks omitted). "Where the complaint
20 merely elaborates or adds further detail to a claim, but is
21 predicated on the same fundamental actions or failures to act by
22 the defendants, courts have generally found the claim fairly
23 reflects the facts pled in the complaint." Id. Further, the
24 Court explained that because additional "theories [of liability]
25 do not represent additional causes of action," they "need not be
26 separately presented" in a claim to satisfy the Government Claims
27 Act. Id.

28       The court finds that plaintiff's claim form in this

4

case adequately provides a general description of the injury

alleged and gives sufficient notice of defendants' alleged

wrongful conduct.  The claim includes the date and location of

the incident that led to Mr. Hastey's death, along with his name

and CDCR number.  (See Claim Form at 1.)  The claim indicates

that the claimant seeks damages for the "[p]re-death injuries and

death of Michael Hastey" and describes the incident, stating:

"Michael Hastey . . . was violently murdered by two armed inmates

on the yard at High Desert State Prison."  (Id.)  The claim

indicates that CDCR officials were aware of Mr. Hastey's "unique

vulnerability" to harm by other inmates.  (See id.)  The claim

alleges that CDCR officials "failed to safely house" Mr. Hastey.

(Id.)  It also alleges that Mr. Hastey's death occurred "in full

view of corrections officers" and that CDCR and its employees

"failed to . . . adequately protect" him, indicating that CDCR

officials were present at the time of the incident and failed to

prevent his death.  (See id.)

The claim form closely tracks several of the

allegations made in support of the wrongful death and negligence

causes of action.  (See, e.g., Compl. ¶ 29 (certain of the

defendants were "correctional officials charged with intervening

during the attack that claimed Michael's life"); id. ¶¶ 86, 94

("As Michael's jailers, each of the Individual Correctional

Defendants had an affirmative duty to protect Michael from

reasonably foreseeable harm inflicted by third parties, including

[the inmates who killed him].").)

Defendants argue that the additional facts and theories

presented in the complaint were not fairly presented in the

1    claim.  Specifically, defendants point to the complaint's
2    allegations that correctional officials failed to act in a manner
3    that would protect Michael by placing him at High Desert, where
4    he was likely to be targeted due to his father being a local CDCR
5    guard; failing to place him in protective custody given his
6    vulnerability; failing to transfer him to a different facility
7    where he would not be targeted; failing to search the other
8    inmates for weapons before entering the yard where the incident
9    occurred; failing to fire shots to intervene during the attack;
10   and failing to summon or provide medical care following the
11   attack.  (See Compl. ¶¶ 3-10, 80, 88.)[1]

12          These details constitute merely additional theories of
13   liability under plaintiff's negligence and wrongful death causes
14   of action, which also rely upon the allegations cited above that
15   more closely mirror the content of the claim.  (See Compl. ¶¶ 83-
16   97.)  As a result, these details -- which do not present separate
17   causes of action -- need not have been specifically expounded
18   upon in the claim, and plaintiff is not precluded from asserting
19   them now.  See Stockett, 34 Cal. 4th at 447; see also City of
20   Stockton v. Superior Ct., 42 Cal. 4th 730, 738 (2007) ("[t]he
21   purpose of the claims statutes is not to prevent surprise, but to
22   provide the public entity sufficient information to enable it to

23   _____
24          [1]    At oral argument, defense counsel also referenced a
     supposed allegation that defendants "disseminated" Mr. Hastey's
25   juvenile records.  However, the court does not find that the
     complaint makes such an allegation.  The complaint refers to the
26   content of those records becoming known among High Desert
     officials and inmates, but does not accuse any entity or
27   individual of disseminating that information and does not appear
     to directly premise liability on the spread of that information.
28   (See Compl. ¶¶ 51-56.)

                                6

1   adequately investigate").

2          Further, contrary to defendants' arguments, the

3   allegations of the complaint "are predicated on the same

4   fundamental actions or failures to act by the defendants" alleged

5   in the claim form, see Stockett, 34 Cal. 4th at 447 -- namely,

6   the failure to prevent Mr. Hastey's death resulting from the

7   attack by other inmates that occurred on February 18, 2022.  The

8   claim form alleged that defendants failed to "safely house" Mr.

9   Hastey despite his "unique vulnerability" to other inmates (see

10  Claim Form at 1), which fairly reflects the complaint's

11  allegations that defendants placed Mr. Hastey at risk despite

12  their knowledge of his vulnerability by housing him at High

13  Desert, failing to place him in protective custody, and failing

14  to transfer him to a different facility.  The claim also alleged

15  that correctional officers were present at the time of the attack

16  yet "failed to . . . adequately protect" Mr. Hastey (see id.),

17  which fairly reflects the complaint's allegations that defendants

18  failed to intervene during the attack and failed to summon

19  medical care following the attack.  Contrary to defendants'

20  assertions, the claim refers not merely to the isolated actions

21  of the inmates in attacking Mr. Hastey, but also the broader

22  context in which that attack occurred and caused Mr. Hastey's

23  death.

24          It is reasonable to expect that the state, based on the

25  information provided in the claim, would investigate the chain of

26  events leading to the attack, correctional officials' actions

27  during the attack, and officials' actions immediately following

28  the attack.  Indeed, is hard to imagine how the state could

1    adequately investigate whether it was liable for Michael's death

2    without investigating those facts, which are inherently connected

3    to both the incident itself and the notion that defendants were

4    in some way at fault for Mr. Hastey's death.

5              Because the additional theories pled in plaintiff's

6    complaint "did not shift liability to other parties or premise

7    liability on acts committed at different times or places," the

8    claim "fairly reflects the facts pled in the complaint."  See

9    Stockett, 34 Cal. 4th at 447-48.  See also Blair v. Superior

10   Court, 218 Cal. App. 3d 221, 226 (3d Dist. 1990) (where claim

11   alleged that state negligently maintained highway surface by

12   failing to sand it to prevent icing, it was permissible for

13   complaint to assert that state failed to provide warning signs

14   and a guardrail because both the claim and complaint "generally

15   assert[ed] negligence in the construction and general maintenance

16   of the highway") (cited with approval in Stockett, 34 Cal. 4th at

17   448-49); White v. Superior Court, 225 Cal. App. 3d 1505, 1511

18   (1st Dist. 1990) (where claim alleged that officer assaulted and

19   battered plaintiff, it was permissible for complaint to assert

20   claims for negligent hiring and intentional failure to train

21   because there had not been any "shift in the fundamental facts

22   about her injury") (cited with approval in Stockett, 34 Cal. 4th

23   at 447).

24             Accordingly, the court concludes that plaintiff's claim

25   satisfied the requirements of the California Government Claims

26   Act.

27   III. Statutory Immunity

28             Generally, a California public entity "is not liable

1    for . . . an injury proximately caused by any prisoner . . . [or]

2    [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a). The

3    failure to summon medical care is an exception to this statutory

4    immunity. See id. § 845.6. Defendants argue that CDCR is

5    statutorily immune from suit under § 844.6(a).

6         Only the negligence cause of action is brought against

7    CDCR. (See Compl. at 17.) The negligence cause of action

8    alleges failure to "promptly summon and/or procure life-saving

9    medical care." (See id. ¶ 87.) The negligence cause of action

10   also expressly cites the statute establishing the exception to

11   CDCR's statutory immunity for causes of action alleging failure

12   to summon medical care. (See id. at 17 (citing Cal. Gov't Code §

13   845.6).) Because the cause of action against CDCR asserts

14   failure to summon medical care, CDCR is not statutorily immune

15   from suit on that cause of action.[2]

16         IT IS THEREFORE ORDERED that defendants' motion for

17   partial judgment on the pleadings (Docket No. 31) be, and the

18   same hereby is, DENIED.

19   Dated:  February 6, 2024

     WILLIAM B. SHUBB
20   UNITED STATES DISTRICT JUDGE

21

22

23

24

25       [2]  To the extent defendants argue that CDCR is immune
26   because plaintiff's claim did not provide adequate notice of the
     failure to summon theory, this argument fails. As explained
27   above, the court concludes that plaintiff's claim form provided
     adequate notice of the content of the complaint, including the
28   failure to summon medical care theory.