1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WENDY GREENE, individually and in her          No.  2:23-CV-0082-WBS-DMC
      capacity as successor-in-interest to the
12    Estate of Michael Hastey,

13                        Plaintiff,                  ORDER

14            v.

15    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
16    REHABILITATION, et al.,

17                        Defendants.

18

19                   Plaintiff, who is proceeding with retained counsel, brings this civil action.

20    Pending before the Court is Plaintiff's motion to compel.  See ECF No. 55.  The parties have filed

21    a joint statement.  See ECF No. 61.  At a hearing before the undersigned on December 4, 2024,

22    the Court discussed the various items of discovery in dispute and directed that recrafted requests

23    be served within 90 days.  The Court also directed the parties to continue their meet-and-confer

24    efforts and, again within 90 days, to seek an informal discovery conference before the

25    undersigned should disputes remain.  The matter was then submitted.  To date, no informal

26    conference has been requested and the Court now issues the following order resolving Plaintiff's

27    motion.

28    / / /

                                                    1

1    The purpose of discovery is to "remove surprise from trial preparation so the

2    parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v.</u>

3    <u>Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

4    26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

5    permitted:

6    Parties may obtain discovery regarding any nonprivileged information that
     is relevant to any party's claim or defense and proportional to the needs of
7    the case, considering the importance of the issues at stake in the action, the
     amount in controversy, the parties' relative access to relevant information,
8    the parties' resources, the importance of the discovery in resolving the
     issues, and whether the burden or expense of the proposed discovery
9    outweighs its likely benefit. Information within this scope of discovery
     need not be admissible in evidence to be discoverable.

10   Fed. R. Civ. P. 26(b)(1).

11

12    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

13    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

14    Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

15    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

16    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

17    Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v.</u>

18    <u>Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

19    Under Rule 37, the party moving to compel bears the burden of informing the

20    court (1) which discovery requests are the subject of the motion to compel, (2) which of the

21    responses are disputed, (3) why the party believes the response is deficient, (4) why any

22    objections are not justified, and (5) why the information sought through discovery is relevant to

23    the prosecution of this action. <u>McCoy v. Ramirez</u>, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

24    LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-

25    5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

26    2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  <u>See</u>

27    Fed. R. Civ. P. 37(a)(1).

28    / / /

2

1    "Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of</u>

2    <u>Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

3    of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

4    the party opposing discovery has the burden of showing that the discovery should be prohibited,

5    and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No.

6    07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

7    2009) (internal citation omitted).

8

9                                    **I.    BACKGROUND**

10        A.    <u>**Plaintiff's Allegations**</u>

11            In the joint statement, Plaintiff provides the following brief summary of the

12    nature of the action:

13                This civil rights action arises from the brutal and preventable murder
         of Michael Hastey ("Michael"). Michael's murder occurred on February 18,
14       2022, on the C Yard at High Desert State Prison ("High Desert"). According
         to multiple inmate witnesses and CDCR's Investigative Services Unit
15       ("ISU"), the murder was ordered by the Aryan Brotherhood ("AB"). More
         specifically, the murder was ordered by the AB's "shot caller," William
16       Lutts, who wanted Michael dead for two primary reasons: (1) Michael's
         Central File ("C File") contained multiple "R Suffix" notations as well as the
17       details of his juvenile arrest (not conviction) for a sex offense; and (2)
         Michael's biological father, Jason Hastey ("Jason"), was a correctional
18       officer, or guard, at High Desert and a former Lassen County Sheriff's
         Deputy. On the date of his death, Michael had only been in CDCR custody
19       for seven months and, at 19, he was one of the youngest inmates ever
         murdered on a California prison yard.
20
21       ECF No. 61, pg. 2.

22    Plaintiff Wendy Greene is Michael Hastey's mother and successor-in-interest to his estate.  <u>See</u>

23    <u>id.</u>

24        B.    <u>**Procedural History Related to Discovery in Dispute**</u>

25            On July 14, 2023, Plaintiff served requests for production of documents, set one,

26    on Defendants.  <u>See</u> ECF No. 61-3 (Exhibit 1).  Defendants served their initial responses on

27    August 10, 2023.  <u>See</u> ECF No. 61-4 (Exhibit 2).  With their initial responses, Defendants also

28    served a privilege log.  <u>See</u> ECF No. 61-5 (Exhibit 2-A).  Defendants served their first

1    supplemental responses on August 29, 2023.  <u>See</u> ECF No. 61-8 (Exhibit 3).  Defendants served

2    their second supplemental responses on September 20, 2023.  <u>See</u> ECF No. 61-11 (Exhibit 6).

3    Following a meet-and-confer video conference on September 21, 2023, Plaintiff

4    served amended requests for production, set one, on October 17, 2023, in which several of

5    Plaintiff's initial requests were narrowed.  <u>See</u> ECF No. 61-13 (Exhibit 8).

6    On October 18, 2023, Defendants served their third supplemental responses to

7    Plaintiff's July 14, 2023, requests for production.  <u>See</u> ECF No. 61-18 (Exhibit 10).  On

8    November 27, 2023, Defendants served their initial responses to Plaintiff's amended requests

9    for production, set one.  <u>See</u> ECF No. 61-22 (Exhibit 11).  With these responses, Defendants

10    also provided a second privilege log.  <u>See</u> ECF No. 61-23 (Exhibit 11-A).  Defendants served

11    their first supplemental responses to Plaintiff's amended requests for production on November

12    28, 2023.  <u>See</u> ECF No. 61-24 (Exhibit 12).  On the same day, Defendants served a third

13    privilege log.  <u>See</u> ECF No. 61-25 (Exhibit 12-A).

14    Following further meet-and-confer efforts, on December 15, 2023, Defendants

15    served their fourth supplemental responses to Plaintiff's July 14, 2023, requests for production.

16    <u>See</u> ECF No. 61-28 (Exhibit 15).

17    While Plaintiff was conferring with Defendants regarding the discovery outlined

18    above, Plaintiff also pursued discovery from non-party Office of the Inspector General (OIG)

19    pursuant to a subpoena duces tecum served by Plaintiff on OIG on October 17, 2023.  <u>See</u> ECF

20    No. 61-14 (Exhibit 9).  Defendants served objections to Plaintiff's subpoena on October 31,

21    2023, but did not file a motion to quash the subpoena.  <u>See</u> ECF No. 61-15 (Exhibit 9-A).

22    In the joint statement, Plaintiff offers the following summary of this process:

23    Over the following months, Plaintiff worked diligently with the OIG
     to identify and cull **hundreds of thousands of pages** of potentially

24    responsive documents and CDCR database information that Defendants had
     refused to disclose or even identify. During this time, the OIG would send

25    Plaintiff a log identifying and describing broad categories of potentially
     responsive documents and information and Plaintiff would respond by

26    identifying those categories that were potentially relevant to her claims. The
     OIG would then send Plaintiff another log in which the irrelevant documents

27    and information were removed, and more detail was provided about the
     potentially relevant documents and information. This iterative process

28    continued until June of 2024, when the OIG and Plaintiff were satisfied that

4

1
2
3

> the log identified only the documents and information that were relevant to Plaintiff's claims. In other words, because Defendants refused to comply with their discovery obligations, Plaintiff was forced to resort to conducting discovery with a non-party in order to identify the discoverable documents and information in Defendants' possession.

4        ECF No. 61, pgs. 8-9 (bold in original).

5    Plaintiff served OIG's privilege log on Defendants on June 13, 2024.  See ECF No. 61-16

6    (Exhibit 9-B).

7            At issue in the pending motion to compel are Defendants' responses to Plaintiff's

8    July 14, 2023, requests for production nos. 6, 12, 15, 16, 17, 19, 20, 21, 25, 31, and 32.

9            Pursuant to the District Judge's October 23, 2024, minute order, all fact

10   discovery is due to be completed by May 19, 2025.  See ECF No. 59.  Pursuant to the District

11   Judge's March 7, 2025, order approving the parties' stipulation, all expert discovery is due to

12   be completed by August 20, 2025.  See ECF No. 72.  The pre-trial conference is set for

13   December 15, 2025, and a jury trial is set to commence on March 17, 2026.  See id.

14

15                          **II.  DISCUSSION**

16           Below the Court considers the 13 items of disputed discovery (in the order

17   presented by the parties in the joint statement at ECF No. 61).

18       **A.**    <u>**No. 16**</u>

19           <u>Request (served July 14, 2023)</u>

20           The Complete personnel/employee file of Jason Hastey.

21           <u>Initial Response (served August 10, 2023)</u>

22           Defendants object to this request because it is overbroad in time and
     scope and seeks documents that are not proportional to the needs of the case.
23   Fed. R. Civ. Proc. 26(b)(1). Defendants further object to this request on the
     grounds that it seeks documents that are protected and privileged by the
24   official-information privilege. Finally, Defendants object to this request
     because it seeks documents that would violate the privacy rights of third
25   parties.
             Subject to and without waiving these objections, Defendants respond
26   as follows: Defendants object to this request to the extent it violates the
     privacy rights of third parties and is not proportional to the needs of the case.
27   Accordingly, Defendants will not produce responsive records to this request.
     Defendants further refer Plaintiff to the Official-Information Declaration of J.
28   Ambrose and privilege log attached hereto.

5

1

Supplemental Response (served November 13, 2024)

2

Defendants object to this request because it is overbroad in time and scope and seeks documents that are not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). Defendants further object to this request on the grounds that it seeks documents that are protected and privileged by the official-information privilege. Finally, Defendants object to this request because it seeks documents that would violate the privacy rights of third parties.

Subject to and without waiving these objections, and expressly reasserting the prior response and objections, Defendants further respond as follows: Construed as narrowed by Plaintiff in the meet and confer process to the portion(s) of Jason Hastey's file that mention, refer to, or relate to Michael Hastey or his murder, and limited to such, Defendants have conducted a further diligent search and reasonable inquiry and have no responsive documents in their possession, custody, or control.

Plaintiff's various arguments concerning no. 16 are rendered moot because, notwithstanding objections, Defendants have responded to the request, as narrowed, indicating that no responsive documents exist.

At the hearing, Plaintiff's counsel contended that the request had not been formally narrowed by way of an amended request. Notwithstanding the lack of a formally narrowed written request, the meet-and-confer process resulted in an agreement to search for documents responsive to a narrowed request and the agreement has been fulfilled with Defendants' response indicating documents do not exist. The Court is not going to thwart the meet-and-confer process by undermining the parties' agreement. Based on the representation that the request has been informally narrowed, and the representation that documents responsive to the narrowed request do not exist, Plaintiff's motion will be denied as to request for production no. 16.

B.    **No. 15**

Amended Request (served October 17, 2023)

The complete training file of each of the defendants named in this action, as well as the following sections of each of the defendants' personnel/employee files:
- Basic employment history, such as date of hire, position, promotion, etc.
- Disciplinary history, including any adverse employment consequences and/or additional training based on failure to satisfactorily perform job duties.
- All complaints and grievances regardless of whether they were sustained or resulted in discipline.

/ / /

6

If any of the documents responsive to this Request are confidential, they should be produced pursuant to the stipulated protective order on file in this case. If further protections are required, an amended protective order may be negotiated by the parties.

Initial Response (served November 27, 2023)

Defendants object to this request because it is impermissibly compound. Defendants object to "complete training file," "[b]asic employment history," "all complaints and grievances, regardless of whether sustained or resulted in discipline" as grossly overbroad, vague and ambiguous, rendering this request as overbroad, vague, ambiguous as phrased. Defendants further object to this request because the definition of the phrase "basic employment history" is vague and ambiguous and does not describe the documents sought with reasonable particularity. Defendants object to this request to the extent that Plaintiff's request for "complete training file," "basic employment history," "disciplinary history" and "all complaints and grievances" encompass different types of documents that have nothing whatsoever to do with the issues before the Court in the present case, are overly broad and lack specificity as to the applicable time period, making this request unduly burdensome, harassing and not reasonably proportional to the needs of this case. *See Centeno v. City of Fresno*, No. 1:16-cv-00653-DAD-SAB, 2016 U.S. Dist. 27 LEXIS 180013, at *16–19 (E.D. Cal. Dec. 29, 2016) (stating that disciplinary records or complaints that are sufficiently similar to the claims brought in the underlying lawsuit may be discoverable). Defendants object to this request to the extent the request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks documents that are protected and privileged by the official-information privilege and Defendants' constitutional right to privacy. Defendants further object to this request to the extent Plaintiff's request for "all complaints and grievances" violate the privacy rights of third-party inmates and staff.

Subject to and without waiving these objections, upon a reasonable and diligent search, and limiting Defendants' response to the training files and basic employment history, Defendants respond as follows: Defendants identify Defendants' Employee History Summary, as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 05629-05679. Defendants further identify Defendants Ochoa, Zarate, Yocius, Woodruff, Hall, Knedler, M. Kelly, S. Kelly, Hall, Flores and Chandler's 2022 In-Service Training records as CONFIDENTIAL- ATTORNEYS EYES ONLY AGO DISC 05680-05710. Defendants further identify the training records of Defendant Rice as CONFIDENTIAL- ATTORNEYS EYES ONLY AGO DISC 05711-05728 and the 2021 training records of Defendant Kibler as CONFIDENTIAL-ATTORNEYS EYES' ONLY AGO DISC 05729-05731. Defendants further respond B. Kibler does not have training records with the institution in 2022, as he retired in 2022. Defendants further state that they have conducted a reasonable and diligent search and located no disciplinary records for Defendants Woodruff, Zarate and Knedler. Defendants have located disciplinary records for Defendants Yocius, M. Kelly, Chandler, Flores, S. Kelly, Hall, Ochoa, Rice and Kibler; however, these records are being withheld based on various privileges. See the attached Privilege Log in support of the privilege documents. Defendants further respond that complaints and grievances are not kept and maintained in the regular course of business in personnel/employee files. Therefore, upon information and

belief, there are no complaints and grievances in Defendants' respective personnel/employee files.

<u>Supplemental Response (served November 28, 2023)</u>

[Same objections as above].

Subject to and without waiving these objections, upon reasonable and diligent search, and limiting Defendants' response to the training files and basic employment history, Defendants respond as follows: Defendants identify Defendants' Employee History Summary, as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 05629-05641, 05649-05679, and 05732-05733. Defendants further identify Defendants Ochoa, Zarate, Yocius, Woodruff, Hall, Knedler, M. Kelly, S. Kelly, Hall, Flores, and Chandler's 2022 In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 05680-05710. Defendants further identify the training records of Defendant Rice as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 05711-05728 and the 2021 training records of Defendant Kibler as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 05729-05731. Defendants further state, upon information and belief, that Defendant Kibler does not have training records with the institution in 2022, as he retired that year. Defendants further state that they have conducted a reasonable and diligent search, and upon information and belief, located no disciplinary records for Defendants Woodruff, Zarate and Knedler in their respective personnel files. Defendants have located disciplinary records for Defendants Yocius, M. Kelly, Chandler, Flores, S. Kelly, Hall, Ochoa, Rice, and Kibler; however, these records are being withheld based on various privileges. See the attached Amended Privilege Log in support of the privilege documents. Defendants further respond that complaints and grievances are not kept and maintained in the regular course of business sin personnel/employee files. Therefore, upon information and belief, there are no complaints and grievances in Defendants' respective personnel/employee files.

<u>Further Supplemental Response (served November 13, 2024)</u>

[Same objections as above].

Subject to and without waiving these objections, upon a further reasonable and diligent search, and limiting Defendants' response to the training files, Defendants further respond as follows: Defendants further identify Defendant M. Kelly's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06201-06263; Defendant R. Chandler's Complete In-Service Training Records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06264-06340; Defendant J. Flores' Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06341-06420; Defendant E. Hall's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06421-06481; Defendant S. Kelly's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06482-06554; Defendant M. Knedler's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06555-06641; Defendant L. Ochoa's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06642-06705; Defendant M. Woodruff's Complete In-Service Training records as CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06706-06794;

1   Defendant J. Yocius' Complete In-Service Training records as
    CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06795-06865;
2   Defendant M. Zarate's Complete In-Service Training records as
    CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06866-06918;
3   and Defendant B. Kibler's Complete In-Service Training records as
    CONFIDENTIAL-ATTORNEYS EYES ONLY AGO DISC 06919-07013.
4   Defendants further state, upon information and belief, that Defendant Kibler
    does not have training records with the institution in 2022, as he retired that
5   year. Defendants further state that they have conducted a reasonable and
    diligent search, and upon information and belief, located no disciplinary
6   records for Defendants Woodruff, Zarate and Knedler in their respective
    personnel files. Defendants have located disciplinary records for Defendants
7   Yocius, M. Kelly, Chandler, Flores, S. Kelly, Hall, Ochoa, Rice and Kibler;
    however, these records are being withheld based on various privileges. See
8   the previously produced Amended Privilege Log in support of the privileged
    documents. Defendants further respond that complaints and grievances are
9   not kept and maintained in the regular course of business in
    personnel/employee files.  Therefore, upon information and belief, there are
10  no complaints and grievances in Defendants' respective personnel/employee
    files.

11

12          Plaintiff seeks Defendants' training files and the sections of Defendants'

13  personnel files containing information regarding basic employment history, disciplinary history,

14  and complaints/grievances.  Defendants have produced their training files and employment

15  history documents subject to the parties' stipulated protective order.  As to documents reflecting

16  disciplinary history, Defendants state that no such records exist for Defendants Woodruff,

17  Zarate, and Knedler.  Documents reflecting disciplinary history for Defendants Yocius, M. Kelly,

18  Chandler, Flores, S. Kelly, Hall, Ochoa, Rice, and Kibler were located but not produced based on

19  privilege and Defendants provided privilege logs.  Finally, as to documents within Defendants'

20  personnel filed reflecting complaint/grievances, Defendant state that such documents are not

21  maintained within individual personnel files and, as such, no responsive documents exist.

22          Based on Defendants' responses, remaining at issue are documents reflecting

23  disciplinary history which have been withheld based on privilege.  In the joint statement,

24  Plaintiff contends that any privileges asserted in Defendants' responses have been waived,

25  except the privacy privilege and official information privilege, because no other privileges were

26  listed in Defendants' privilege logs.  See ECF No. 61, pgs. 34.  This argument is persuasive.

27  See Fed. R. Civ. P. 26(b)(5)(A); see also Burlington Northern & Santa Fe Railroad Company v.

28  U.S. District Court for the District of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005).  Here,

1   because the privilege logs produced by Defendants fail to identify any other privileges, they are

2   waived.

3           Defendants argue in the joint statement that the request is impermissibly

4   overbroad temporally because Plaintiff has not indicated any reasonable time limit and is

5   instead open-ended.  See ECF No. 61, pg. 38.  While this is true, Defendants did not make this

6   specific objection in any of their responses.

7           As to privileged documents which were withheld, Defendants also argue that

8   documents related to Defendants' disciplinary history are only proportional to the needs of

9   Plaintiff's case where the documents sought relate to incidents sufficiently similar to the

10  incident at issue in the case.  See id. at 38-39.  This argument is persuasive.  Here, Plaintiff's

11  request does not limit the documents sought to only those records of disciplinary action for

12  similar incidents to the incident at issue.  The Court finds that an in camera review of withheld

13  documents is not necessary and will deny Plaintiff's motion to compel as to request for

14  production no. 15.

15      **C.**    **No. 25**

16          Request (served July 14, 2023)

17              All documents and materials that reflect, concern, refer to, or relate to
            any documented incidence of violence against an inmate at High Desert who
18          has been identified and/or designated as a sex offender since the year 2014.

19          Response (served August 10, 2023)

20              Defendants object to this request to the extent the undefined terms
            "materials," "incidence of violence" and "sex offender" are vague and
21          ambiguous, rendering this request as vague and ambiguous as phrased.
            Defendants object to this request because it violates the third-party privacy
22          rights of inmates and others. Defendants object to this request because it is
            overbroad and unduly burdensome as it seeks documents for a period of nine
23          years when this case only involves an incident that occurred on February 18,
            2022. Further, this request is so vague and grossly overbroad, that
24          Defendants cannot conduct any meaningful search for records. Specifically,
            as there is no centralized location where this request can be searched,
25          Plaintiff's request would require Defendants to review each and every single
            file of each and every single inmate designated as a sex offender at High
26          Desert State Prison for the span of nine years from 2014 to the present, and
            then determine if each of these inmate files had any documented "incidence
27          of violence." This would require the review of potentially tens of thousands
            of pages of documents to ascertain responsive records. Consequently, such a
28          request is grossly overbroad, unduly burdensome, and harassing. Defendants

further object to this request because it calls for information that is not related to the claims and defenses in this case and not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). Finally, Defendants object to this request to the extent it seeks documents protected by the official-information privilege; however, due to the vague and overly broad wording of this request, it is not possible to gather and identify which documents are covered by the official-information privilege.

Subject to and without waiving these objections, Defendants respond as follows: for the reasons given in the objections, Defendants are unable to respond to this request.

The primary objection to this request is that it is burdensome. This argument is persuasive. First, as Defendants note in the joint statement, documents identified in the OIG privilege log are not responsive to request no. 25. Second, as reflected in the declaration of High Desert State Prison's litigation coordinator, there is no centralized location in the prison's database to search for responsive documents. See ECF No. 61, pg. 45 (citing Exhibit 10-C). To locate responsive documents, the litigation coordinator would be required to search each and every inmate file over a nine-year period which would involve hundreds of thousands of pages of documents. See id. Finally, as Defendants note in the joint statement, responsive documents would not show anything relevant as to the individual defendants and would be irrelevant as to the only claim against CDCR for negligence in providing medical care. See id. at 47. Plaintiff's motion to compel will be denied as to request no. 25.

**D.    No. 26**

Request (served July 14, 2023)

All documents and materials that reflect, concern, refer to, or relate to any interviews of former High Desert inmates who were identified and/or designated as a sex offender and who claimed that High Desert staff improperly disclosed or otherwise failed to maintain the privacy/confidentiality of inmate information.

Response (served August 10, 2023)

Defendants object to this request to the extent the undefined terms "materials" "sex offender," "High Desert staff," "failed to maintain" and "inmate information" are vague and ambiguous, rendering this request as vague and ambiguous as phrased. Defendants object to this request because it violates the third-party privacy rights of inmates and others. Defendants object to this request because it is so vague and grossly overbroad, that Defendants cannot conduct any meaningful search for records. Specifically, as there is no centralized location where this request can be searched, Plaintiff's request would require Defendants to: 1) review each and every

11

single file of each and every inmate who was transferred or released from
High Desert State Prison; 2) determine if each of those inmates were
designated as a sex offender; and 3) then review each of those files to
ascertain whether they provided an interview concerning the improper
disclosure of their "privacy" or "confidential information." As such, this
request would require Defendants to review potentially hundreds of
thousands of pages of records and then require them to guess or speculate on
which grievances constitute complaints or allegations concerning disclosure
of private/confidential inmate information. As such this request is grossly
overbroad, unduly burdensome, and harassing. Additionally, Defendants
object to this request because it calls for information that is not related to the
claims and defenses in this case and not proportional to the needs of the case.
Fed. R. Civ. Proc. 26(b)(1). Finally, Defendants object to this request to the
extent it seeks documents protected by the official-information privilege;
however, due to the vague and overly broad wording of this request, it is not
possible to gather and identify which documents are covered by the official-
information privilege.

Subject to and without waiving these objections, Defendants respond
as follows: for the reasons given in the objections, Defendants are unable to
respond to this request.

As with request no. 25, the primary objection to request no. 26 is that it is
burdensome.  See ECF No. 61, pgs. 54-56 (citing Exhibit 10-C).  Based on the litigation
coordinator's declaration, Defendants' argument is persuasive.  Plaintiff's motion to compel will
be denied as to request no. 26.

**E.**    **No. 31**

Request (served July 14, 2023)

All documents and materials that reflect, concern, refer to, or relate to
any current or former High Desert staff member who intentionally or
negligently allowed inmates to identify sex offenders since the year 2014.

Response (served August 10, 2023)

Defendants object to this request to the extent the phrase
"intentionally or negligently allowed inmates to identify sex offenders" calls
for a legal conclusion. Defendants further object to this request on the
grounds that the undefined terms "High Desert staff member" and "allowed"
are grossly vague and ambiguous, making this request vague and ambiguous
as phrased. Defendants further object to this request because it is so vague
and grossly overbroad, that Defendants cannot conduct any meaningful
search for records. Specifically, as there is no centralized location where this
request can be searched, Plaintiff's request would require Defendants to
review each and every single file of each and every single person employed
at High Desert State Prison since 2014 to ascertain whether any responsive
documents to such a request exist. This would require the review of
potentially hundreds of thousands of pages of documents to ascertain
responsive records. Consequently, such a request is grossly overbroad,
unduly burdensome, and harassing. Defendants further object to this request

because it calls for information that is not related to the claims and defenses in this case and not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). Defendants object to this request as it violates the privacy rights of third parties and others. Defendants object to this request to the extent it seeks documents protected by the official-information privilege; however, due to the vague and overly broad wording of this request, it is not possible to gather and identify which documents are covered by the official-information privilege. Finally, this request is overbroad and unduly burdensome as it requests information for a period of nine years when this case only involves an incident that occurred on February 18, 2022.

Subject to and without waiving these objections, Defendants respond as follows: for the reasons given in the objections, Defendants are unable to respond to this request.

Again, Defendants' primary objection is that this request is burdensome. The Court agrees. Citing the litigation coordinator's declaration at Exhibit 10-C, Defendants note that locating potentially responsive documents would entail a search of thousands of files of current and former HDSP employees, as well as thousands of files of current and former HDSP inmates over a nine-year period. Additionally, the two groups of documents would need to be cross-checked to see if any current or former inmate complained that a current or former HDSP employee allowed other inmates to identify sex offenders. Plaintiff's motion to compel will be denied as to request no. 31.

**F.**   **No. 32**

Request (served July 14, 2023)

All documents and materials that reflect, concern, refer to, or relate to High Desert's efforts to address the concerns and/or recommendations outlined in the Office of the Inspector General's 2015 Special Review on High Desert State Prison, including, but not limited to, the following recommendations from the Office of the Inspector General:
   a. Develop a policy authorizing staff to access an inmate's electronic record on a "need to know" basis only. The policy should add admonishment language to the SOMS login screen, advising against misuse, and the consequence thereof.
   b. Develop a method of tracking and recording staff access to records in SOMS and other inmate records, and periodically audit access history to identify potential misuse.
   c. Remove the "R" suffix information from the SOMS header, as any staff specifically needing this information can find it on another screen.
   d. Conduct an in-depth review of every form and document that currently requires commitment offense information and "R" suffix notations, and remove this requirement from all forms and documents where it no longer serves a legitimate purpose.
   e. Consider providing inmates with only hard copies of certain portions of nonconfidential documentation from SOMS or other inmate

13

records, to exclude commitment offenses, "R" suffix notations, and any other information that may put an inmate at risk.

Response (served August 10, 2023)

Defendants object to this request because the undefined term "materials" is vague and ambiguous, rendering this request vague and ambiguous as phrased. Defendants object to this request because it is overbroad in time and in scope. Defendants further object to this request because it calls for information that is not related to the claims and defenses in this case and not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). Defendants object to this request to the extent it seeks documents protected by the official-information privilege; however, due to the vague and overly broad wording of this request, it is not possible to gather and identify which documents are covered by the official-information privilege. Subject to and without waiving these objections, and after a reasonable and diligent search, Defendants respond as follows: Defendants have not located any responsive documents to this request to date. However, Defendants are continuing to search for documents responsive to this request and will produce any responsive, non-privileged documents as they are discovered. Fact discovery continues.

Supplemental Response (served September 20, 2023)

Defendants incorporate by reference their prior response and objections asserted by Defendants in response to this request. This supplemental response is intended only to supplement Defendants' prior response to this request and does not in any way replace or supersede Defendants' prior response and objections.
Subject to and without waiving all prior objections asserted by Defendants in response to this request, and expressly reasserting the prior response and objections, Defendants respond as follows: after a reasonable and diligent search, upon information and belief, Defendants do not have responsive records to this request in their possession, custody or control.

Further Supplemental Response (served May 21, 2024)

Defendants incorporate by reference their prior response and objections asserted by Defendants in response to this request. This supplemental response is intended only to supplement Defendants' prior response to this request and does not in any way replace or supersede Defendants' prior response and objections.
Subject to and without waiving any prior objections asserted by Defendants in response to this request, and expressly reasserting the prior response and objections, Defendants respond as follows: After a further diligent search and making a reasonable inquiry, Defendants further identify the California Department of Corrections and Rehabilitation Corrective Action Plan - Office of the Inspector General: *Special Review – High Desert State Prison* (December 2016 One Year CAP Update) as CONFIDENTIAL - ATTORNEYS' EYES ONLY AGO DISCO 05935- 05937; and the California Department of Corrections and Rehabilitation Corrective Action Plan - Office of the Inspector General: *Special Review – High Desert State Prison* (December 16, 2015) as CONFIDENTIAL - ATTORNEYS' EYES ONLY AGO DISCO 05938-05941. Upon information and belief, and after conducting a further diligent search and making a reasonable inquiry,

Defendants are not aware of any other documents responsive to this request in Defendants' possession, custody, or control.

Here, Defendants have produced responsive documents subject to the parties' stipulated protective order and indicated that further responsive documents are not in their possession, custody, or control.  As with request no. 16, Plaintiff's various arguments concerning request no. 32 are now moot because Defendants have produced all responsive documents.  Plaintiff's motion will be denied as to request no. 32.

G.    No. 17

Request (served July 14, 2023)

All documents, records, materials, and information that reflect, concern, or relate to any prospective risk-management plan or analysis instituted or performed concerning inmate violence and deaths at High Desert since the year 2014.

Response (served August 10, 2023)

Defendants object to the undefined terms "materials," "information," "prospective risk-management," "analysis," "inmate violence and deaths" because they are vague and ambiguous, rendering this request vague and ambiguous as phrased. Defendants object to this request because it does not describe the documents sought with reasonable particularity, requiring Defendants to guess or speculate on the meaning of the request, which Defendants are not required to do. Significantly, it is unclear what is meant by "inmate violence," as there are various meanings of this term in a prison setting including inmate gang violence, inmate battery on staff, inmate-self injury, etc. Similarly, the term "deaths" is vague and grossly overbroad, as there are various meanings of the term in a prison setting, including death by suicide, death by illness, death by homicide, etc. As such, this request is overly broad, unduly burdensome, harassing and not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). [Defendants] further object to this request because it is overbroad in time as it seeks documents for a period of nine years when this case only involves an incident that occurred on February 18, 2022. Finally, Defendants object to this request to the extent it seeks documents protected by the official-information privilege; however, due to the vague and overly broad wording of this request, it is not possible to gather and identify which documents are covered by the official-information privilege.
Subject to and without waiving these objections, Defendants respond as follows: as virtually every single policy CDCR implemented is to limit violence and death within its institutions, Defendants are unable to conduct a meaningful search for responsive records to this request.

/ / /

/ / /

15

1     Supplemental Response (served November 13, 2024)

2              [Same objections as above].
              Subject to and without waiving these objections, and expressly
3     reasserting the prior response and objections, Defendants further respond as
      follows: Based on Defendants' interpretation and understanding of Plaintiff's
4     request, Defendants identify the California Department of Corrections and
      Rehabilitation Corrective Action Plan - Office of the Inspector General:
5     *Special Review – High Desert State Prison* (December 16, 2015) regarding
      Sensitive Needs Yard (SNY) as CONFIDENTIAL - ATTORNEYS EYES
6     ONLY AGO DISC 05942-05945; the California Department of Corrections
      and Rehabilitation Corrective Action Plan - Office of the Inspector General:
7     *Special Review – High Desert State Prison* (December 2016 One Year CAP
      Update) regarding SNY as CONFIDENTIAL - ATTORNEYS EYES ONLY
8     AGO DISC 05946-05949; and Memorandum regarding Inmate Housing
      Assignment Considerations During the Screening and Housing Process
9     (January 19, 2016) as CONFIDENTIAL – ATTORNEYS EYES ONLY
      AGO DISC 05950-05952.

10

11         As with request nos. 16 and 32, Defendants have produced responsive

12   documents, rendering Plaintiff's arguments moot. Plaintiff's motion will be denied as to request

13   no. 17.

14      **H.**     **No. 6**

15     Request (served July 14, 2023)

16              All documents, records, materials, and information that reflect,
      concern, or relate to any standards, customs, policies, protocols, procedures,
17     guidelines, and training concerning the classification, placement, housing,
      and transfer of CDCR inmates since the year 2014.

18

19     Response (served August 10, 2023)

20              Defendants object to the undefined terms "materials," "information,"
      "customs," "classification, placement, housing and transfer of CDCR
21     inmates," because they are vague and ambiguous, rendering this request
      vague and ambiguous as phrased. Specifically, there are numerous meanings
22     for the terms "classification," "placement," "housing" and "transfer" with
      respect to CDCR inmates. For example, there might be different policies and
23     protocols for the transfer of inmates due to a COVID-19 outbreak, or because
      an inmate was transferred from a Level IV to a lower level prison because
24     they programmed successfully. Further, there may be various protocols and
      guidelines for the housing of inmates who, for example, require a single cell
25     or require a lower as opposed to an upper bunk due to certain medical needs.
      Therefore, Defendants object to this request because it does not describe the
26     documents sought with reasonable particularity and would require
      Defendants to guess or speculate on the meaning of the request, which
27     Defendants are not required to do. Consequently, such a request is grossly
      overbroad, unduly burdensome, and not proportional to the needs of the case.
28     Fed. R. Civ. Proc. 26(b)(1). Finally, Defendants object to this request
      because it is overbroad in time and unduly burdensome as it seeks documents

1    for a period of nine years when this case only involves an incident that
occurred on February 18, 2022.

2        Subject to and without waiving these objections, Defendants respond
as follows: because this request is so grossly overbroad and Defendants do

3    not understand what Plaintiffs are asking for, Defendants are unable to
respond to this request.

4

5        In the joint statement, Defendants ask the Court to defer ruling on this request as

6    the parties' meet-and-confer efforts are ongoing.  See ECF No. 61, pg. 78.  Specifically,

7    Defendants have asked Plaintiff to narrow the request.  See id.  Defendants' contention is well-

8    taken as the request is overbroad and not proportional.  Plaintiff states in the joint statement that

9    the documents sought are relevant to show whether there were any policies related to the

10   classification of "inmates with Michael's risk factors."  Id. at 76.  The request, however, as

11   currently drafted, does not limit the universe of responsive documents to those relating to

12   classification of inmates with similar risk factors to those of Michael Hastey.  Plaintiff's motion

13   to compel will be denied as to request no. 6.

14   **I.**    **No. 19**

15        Request (served July 14, 2023)

16        All organizational charts and other documents that reflect the
organizational/employment structure and chain of command at High Desert

17   since the year 2014.

18        Response (served August 10, 2023)

19        Defendants object to the undefined terms "all organizational charts,"
"other documents" and "employment structure" because they are vague and

20   ambiguous, rendering this request vague and ambiguous as phrased.
Defendants object to this request because it is not described with reasonable

21   particularity, requiring Defendants to guess or speculate on the meaning of
this request, which Defendants are not required to do. Specifically, there is

22   no blanket "organizational chart" that identifies the chain of command at
High Desert State Prison as each position at CDCR has its own respective

23   chain of command. For example, a Treatment Triage Area staff nurse has a
different chain of command in comparison to a correctional yard officer

24   who works on Facility C, at High Desert State Prison. Therefore,
Defendants object to this request because it is grossly overbroad, unduly

25   burdensome, and not proportional to the needs of the case. Fed. R. Civ. P.
26(b)(1). Defendants further object to this request because it is overbroad in

26   time as it seeks documents for a period of nine years when this case only
involves an incident that occurred on February 18, 2022.

27        Subject to and without waiving these objections, Defendants respond
as follows: for the reasons given in the objections, Defendants are unable to

28   respond to this request.

17

1            <u>Supplemental Response (served November 13, 2024)</u>

2                  [Same objections as above].

                 Subject to and without waiving these objections, and expressly
3 reasserting the prior response and objections, Defendants further respond as
follows: Based on Defendants' interpretation and understanding of Plaintiff's
4 request, Defendants identify the High Desert State Prison Organizational
Chart for 2014-2015 as CONFIDENTIAL – ATTORNEYS EYES ONLY
5 AGO DISC 05953-05983; the High Desert State Prison Organizational Chart
for 2015-2016 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO
6 DISC 05984-06013; the High Desert State Prison Organizational Chart for
2016-2017 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
7 06014-06044; the High Desert State Prison Organizational Chart for 2018-
2019 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
8 06045-06074; the High Desert State Prison Organizational Chart for 2019-
2020 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
9 06075-06104; the High Desert State Prison Organizational Chart for 2020-
2021 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
10 06105-06134; the High Desert State Prison Organizational Chart for 2023-
2024 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
11 06135-06167; and the High Desert State Prison Organizational Chart for
2024-2025 as CONFIDENTIAL – ATTORNEYS EYES ONLY AGO DISC
12 06168-06200. Upon information and belief, and after conducting a further
diligent search and making a reasonable inquiry, Defendants are not aware of
13 any other documents responsive to this request in Defendants' possession,
custody, or control.

14

15            As with request nos. 16, 17, and 32, Defendants have produced responsive

16 documents subject to the parties' stipulated protective order, rendering Plaintiff's arguments

17 moot.  At the hearing, Defendants' counsel indicated that their search continues for responsive

18 documents for the 2021-2022 and 2022-2023 time periods.  The Court directed the parties to

19 continue their meet-and-confer process and ordered Defendants to produce responsive

20 documents, subject to the protective order, for these time periods, within 90 days.  The parties

21 were again reminded of their continuing disclosure obligations under Rule 26.  The 90-day

22 period has passed, and no further court intervention has been sought regarding this request.

23 Plaintiff's motion to compel will now be denied as moot as to request no. 19.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    **J.**    **No. 20**

2    Request (served July 14, 2023)

3          All documents and materials that reflect, concern, refer to, or relate to
4    any internal budget for operations or services concerning inmate medical and
     mental health care at High Desert since the year 2014.

5    Response (served August 10, 2023)

6          Defendants object to the undefined terms "materials," "internal
     budget for operations or services," and "inmate medical and mental health
7    care" because they are vague and ambiguous, rendering this request vague
     and ambiguous as phrased. Defendants object to this request because it is not
8    described with reasonable particularity, requiring Defendants to guess or
     speculate on the meaning of this request, which Defendants are not required
9    to do. Specifically, there are various budgets for various facets of medical
     and mental health care provided by CDCR to inmates at High Desert State
10   Prison. For example, there are separate internal budgets for medical staff pay,
     medical transportation of inmates, inmate durable medical equipment, inmate
11   mental health care in mental health crisis bed, etc. Therefore, Defendants
     object to this request because it is grossly overbroad, unduly burdensome,
12   and not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1).
     Defendants further object to this request because it is overbroad in time as it
13   seeks documents for a period of nine years when this case only involves an
     incident that occurred on February 18, 2022.
14         Subject to and without waiving these objections, Defendants respond
     as follows: for the reasons given in the objections, Defendants are unable to
15   respond to this request.

16         Defendants' primary objection to this request is that it is too vague and overbroad

17   to allow for a meaningful search of potentially responsive documents.  See ECF No. 61, pgs.

18   90-91.  As Defendants note in their response, there are various types of budgets related to

19   medical care of inmates at HDSP and Plaintiff's request is not specific as to the type of

20   budgeting materials sought.  The Court agrees that, as currently drafted, this request is indeed

21   overbroad and vague.  Plaintiff's motion to compel will be denied as to request no. 20.

22   **K.**    **No. 12**

23   Request (served July 14, 2023)

24         All documents, records, materials, and information that reflect,
     concern, or relate to the prevalence and/or activities of the Aryan
25   Brotherhood, or any associated or affiliated gangs, at High Desert since the
     year 2014.
26

27   / / /

28   / / /

19

1    <u>Response (served August 10, 2023)</u>

2            Defendants object to the undefined terms "materials," "information,"
3    "prevalence" "activities" and "associated or affiliated gangs" because they
     are vague and ambiguous, rendering this request vague and ambiguous as
     phrased. Defendants object to this request because it violates the third-party
4    privacy rights of inmates and others. Defendants object to this request
     because it is overbroad and unduly burdensome as it seeks documents for a
5    period of nine years when this case only involves an incident that occurred
     on February 18, 2022. Finally, Defendants object to this request to the extent
6    it seeks documents protected by the official-information privilege; however,
     due to the vague and overly broad wording of this request, it is not possible
7    to gather and identify which documents are covered by the official-
     information privilege.
8            Subject to and without waiving these objections, and after a
     reasonable and diligent search, Defendants respond as follows: Defendants
9    do not have responsive records to this request.

10   <u>Supplemental Response (served September 20, 2023)</u>

11           Defendants incorporate by reference their prior response and
     objections asserted by Defendants in response to this request. This
12   supplemental response is intended only to supplement Defendants' prior
     response to this request and does not in any way replace or supersede
13   Defendants' prior response and objections.
             Subject to and without waiving all prior objections asserted by
14   Defendants in response to this request, and expressly reasserting the prior
     response and objections, Defendants respond as follows: after a reasonable
15   and diligent search, upon information and belief, Defendants do not have
     responsive records to this request in their possession, custody or control.
16

17   <u>Further Supplemental Response (served October 18, 2023)</u>

18           Defendants incorporate by reference their prior response and
     objections asserted by Defendants in response to this request. This
19   supplemental response is intended only to supplement Defendants' prior
     response to this request and does not in any way replace or supersede
20   Defendants' prior response and objections.
             Subject to and without waiving all prior objections asserted by
21   Defendants in response to this request, and expressly reasserting the prior
     objections, upon a reasonable and diligent search, Defendants state the
22   following: while Defendants do not have responsive documents that identify
     the "prevalence" or activities of the Aryan Brotherhood at HDSP generally,
23   Defendants identify CONFIDENTIAL- ATTORNEYS' EYES ONLY AGO
     DISC 04593-05122, to the extent these documents identify specific inmates
24   and Aryan Brotherhood and other white supremacy gang activities at HDSP.

25           As with request nos. 16, 17, 32, and 19, Defendants have produced responsive

26   documents subject to the parties' stipulated protective order, rendering Plaintiff's arguments

27   moot.  Plaintiff's motion to compel will be denied as to request no. 12.

28   / / /

                                         20

1  **L.**  <u>**No. 21**</u>

2    <u>Request (served July 14, 2023)</u>

3      All documents and materials that reflect, concern, refer to, or relate to
any complaint and/or allegation that correctional officers or other CDCR
4 staff cooperated, colluded, or carried on improper relationships/ associations
with inmates at High Desert since the year 2014.

5

    <u>Response (served August 10, 2023)</u>

6

7      Defendants object to the undefined terms "materials," "any complaint
and/or allegation," and "improper relationships/associations," because they
8 are vague and ambiguous, rendering this request vague and ambiguous as
phrased. Defendants object to this request because it does not describe the
9 documents sought with reasonable particularity, requiring Defendants to
guess or speculate on the meaning of the request, which Defendants are not
10 required to do. As there is no centralized location where these records can be
located, this request would require Defendants to literally review each and
11 every single inmate file at High Desert State Prison for the span of nine years
from 2014 to the present, including formerly incarcerated individuals and
12 inmates who are no longer housed at the facility, requiring Defendants to
review potentially hundreds of thousands of pages of records and then
13 require them to guess or speculate on which grievances constitute complaints
of CDCR staff cooperating, colluding or carrying an "an improper
14 relationship/ association" with any inmate. Consequently, such a request is
grossly overbroad, unduly burdensome, harassing and not proportional to the
15 needs of the case. Fed. R. Civ. Proc. 26(b)(1). Defendants further object to
this request because it violates the third-party privacy rights of inmates and
16 others. Finally, Defendants object to this request to the extent it seeks
documents protected by the official-information privilege; however, due to
17 the vague and overly broad wording of this request, it is not possible to
gather and identify which documents are covered by the official-information
18 privilege.
      Subject to and without waiving these objections, Defendants respond
19 as follows: for the reasons given in the objections, Defendants are unable to
respond to this request.

20    Defendants' objection is well-taken.  Specifically, the phrase "improper

21 relationships/associations" is highly vague and does not allow Defendants to conduct a

22 meaningful or reasonable search for potentially responsive documents.  Plaintiff's motion to

23 compel will be denied as to request no. 21.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1     **M.**    <u>**No. 22**</u>

2              <u>Request (served July 14, 2023)</u>

3                    All documents and materials that reflect, concern, refer to, or relate to
       any complaint, allegation and/or investigation concerning the improper
4      disclosure of private/confidential inmate information at High Desert since the
       year 2014.
5
              <u>Response (served August 10, 2023)</u>
6
                     Defendants object to the undefined terms "materials," "complaint,"
7      "allegation," "investigation," and "improper disclosure of private/
       confidential inmate information" because they are vague and ambiguous,
8      rendering this request vague and ambiguous as phrased. Defendants object to
       this request because it does not describe the documents sought with
9      reasonable particularity, requiring Defendants to guess or speculate on the
       meaning of the request, which Defendants are not required to do. As there is
10     no centralized location where these records can be located, this request
       would require Defendants to literally review each and every single inmate
11     file at High Desert State Prison for the span of nine years from 2014 to the
       present, including formerly incarcerated individuals and inmates who are no
12     longer housed at the facility, requiring Defendants to review potentially
       hundreds of thousands of pages of records and then require them to guess or
13     speculate on which grievances constitute complaints or allegations
       concerning "disclosure of private/confidential inmate information."
14     Consequently, such a request is grossly overbroad, unduly burdensome,
       harassing and not proportional to the needs of the case. Fed. R. Civ. Proc.
15     26(b)(1). Defendants further object to this request because it violates the
       third-party privacy rights of inmates and others. Finally, Defendants object to
16     this request to the extent it seeks documents protected by the official-
       information privilege; however, due to the vague and overly broad wording
17     of this request, it is not possible to gather and identify which documents are
       covered by the official-information privilege.
18                   Subject to and without waiving these objections, Defendants respond
       as follows: for the reasons given in the objections, Defendants are unable to
19     respond to this request.

20                   Relying again on the HDSP litigation coordinator's declaration at Exhibit 10-C,

21     Defendants argue that the request is overly burdensome because there is no way short of

22     reviewing hundreds of thousands of documents to locate potentially responsive documents.  <u>See</u>

23     ECF No. 61, pg. 109.  This argument is persuasive.  Plaintiff's motion will be denied as to

24     request no. 22.

25     / / /

26     / / /

27     / / /

28     / / /

1

### III.  CONCLUSION

2          At the hearing in December 2024, the Court instructed Plaintiff to recraft and, if

3    necessary, reserve the discovery requests at issue, within 90 days.  The Court also directed the

4    parties to continue their meet-and-confer efforts and, if disputes remained, to contact the Court

5    for an informal discovery conference, again within 90 days.  To date, the parties have not

6    sought any informal discovery conference, indicating that the parties' continued efforts to

7    resolve their disagreements informally have been fruitful.  The Court also notes that the parties

8    recently filed a stipulation to extend scheduling deadlines in this case and did <u>not</u> seek an

9    extension of the current May 19, 2025, fact discovery cut-off date.  In the context of this case

10   history since the hearing, the Court will deny the pending motion to compel.

11          Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF

12   No. 55, is DENIED.

13

14   Dated:  March 12, 2025

15                                                                    _____

16                                                                    DENNIS M. COTA
                                                                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

23