1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9                         ----oo0oo----

10

11   WENDY GREENE,                    No. 2:23-cv-00082 WBS DMC

12             Plaintiff,

13        v.                          MEMORANDUM AND ORDER RE:
                                      PLAINTIFF'S MOTION TO MODIFY
14   CALIFORNIA DEPARTMENT OF         THE SCHEDULING ORDER
     CORRECTIONS AND REHABILITATION,
15   et al.,

16             Defendants.

17

18                        ----oo0oo----

19        Plaintiff Wendy Greene, individually and in her

20   capacity as successor in interest to the Estate of Michael

21   Hastey, brought this action under 42 U.S.C. § 1983 and California

22   law against defendants California Department of Corrections and

23   Rehabilitation ("CDCR") and various employees at the C Yard High

24   Desert State Prison, where Hastey was murdered by fellow inmates.

25   (See Complaint (Docket No. 1).)  Plaintiff now seeks to modify

26   the scheduling order on the grounds that the current deadlines

27   cannot be met due to discovery motions which are still pending

28   before a magistrate judge.  (Docket No. 103.)  Defendants argue

                                    1

1  in opposition that the modification is not supported by good

2  cause and would prejudice their case.  (Docket No. 104.)[1]

3  I.   Background

4         Discovery in this matter commenced June 1, 2023, when

5  the parties exchanged initial disclosures.  (Declaration of

6  Andrew J. Kopke ("Kopke Decl.") (Docket No. 103-1) ¶ 2);

7  Declaration of Jennifer Burns ("Burns Decl.") (Docket No. 104-1)

8  ¶ 2.)  Plaintiff served her first requests for production

9  ("RFPs") on July 14, 2023.  (Kopke Decl. ¶ 3; Burns Decl. ¶ 3.)

10  Between September and December 2023, the parties met and

11  conferred, plaintiff served amended RFPs, and defendants served

12  amended and supplemental responses.  (Kopke Decl. ¶ 5.)

13  Following this period, plaintiff subpoenaed the Office of the

14  Inspector General ("OIG") and thereafter identified and described

15  documents and information in a privilege log which was disclosed

16  to defendant CDCR.  (Id. ¶ 8.)  Defendant CDCR maintained that

17  the discovery requested in the RFPs did not exist.  (Id. ¶ 7.)

18         Plaintiff filed a motion to compel on August 2, 2024.

19  (Docket No. 48.)  After a hearing, the Magistrate Judge denied

20  the motion.  (Docket No. 73.)  Plaintiff then filed a motion for

21  reconsideration on March 12, 2025, which is currently pending.

22  (Docket No. 74.)  Defendants then filed a motion for a protective

23  order on June 2, 2025, which is also currently pending.  (Docket

24  No. 92.)  Both motions concern discovery plaintiff has been

25  seeking since the outset of this case, including its RFPs and the

26  ⎯⎯⎯⎯⎯⎯⎯

27         [1]   Because the court finds it would not be assisted by
oral argument, the motion is decided on the papers pursuant to
Local Rule 230(g).  The scheduled October 27, 2025 hearing on the

28  motion is hereby VACATED.

documents produced pursuant to the OIG investigation.  (Docket Nos. 74, 92.)

The Magistrate Judge held a hearing on the motions on August 4, 2025, and instructed the parties to meet and confer and submit a joint letter on the discovery dispute.  (Kopke Decl. ¶ 13.)  In their letter, the parties agreed that the plaintiff's more recently submitted third set of RFPs -- which request much of the same information as the first RFPs -- were now the focus of their dispute.  (Docket No. 102 at 1.)

In the instant motion, plaintiff argues chiefly that since she "has been seeking the discovery at issue since the very outset of the discovery process, her inability to meet the current discovery deadlines cannot be attributed to a lack of diligence."  (Docket No. 105 at 3.)

II.  Discussion

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment) (directing courts to consider whether a deadline "cannot reasonably be met despite the diligence of the party seeking the extension").

The court's scheduling order issued on April 24, 2025, sets, inter alia, the discovery deadline as November 19, 2025;

1    the dispositive motion deadline as March 19, 2026; the pretrial

2    conference as June 15, 2026; and the trial date as September 22,

3    2026.  (See Docket No. 86.)  Plaintiff seeks to extend all

4    deadlines by six months.  (Docket No. 103-2.)

5         Defendants argue the extension is not supported by good

6    cause because plaintiff "has not actively pursued discovery,

7    including serving any new discovery requests or taking

8    depositions for over a year," despite having "asked for and

9    received six other extensions of the discovery cutoff."  (Docket

10   No. 104 at 2.)  Defendants further argue that plaintiff's "lack

11   of diligence has and will continue to prejudice the CDCR

12   Defendant's ability to timely and efficiently present their

13   defenses."  (Id. (citation modified).)

14        Much of defendants' argument concerning diligence

15   appears to focus on the merits of plaintiff's underlying

16   discovery requests.  Defendants first state that denial of

17   plaintiff's motion to compel "amounted to a strong repudiation"

18   of the argument that the CDCR was withholding documents.  (Id. at

19   6. (citation modified).)  Defendants then argue more generally

20   that plaintiff "is focusing on serving and litigating irrelevant

21   and disproportionate written discovery, which is extremely

22   costly," and that the protracted discovery dispute regarding the

23   first RFPs imputes a lack of diligence to plaintiff, who seems to

24   have been doggedly seeking the same information for two years

25   while additional discovery requests have remained scant.  (Id.)

26        Defendants may be correct that plaintiff's singular

27   focus on this line of discovery is not an auspicious litigation

28   strategy, but that criticism does not go to the question of

4

1    whether plaintiff has been diligent in seeking it.  While there
2    is no uniform definition of diligence, courts in this circuit
3    have suggested the term relates primarily to a party's timeliness
4    in response to available information.  See, e.g., Eckert Cold
5    Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)
6    (denying motion because of plaintiff's failure to explain what
7    new information led them to file, and why they waited seven
8    months to do so after receiving it); Jackson v. Laureate, Inc.,
9    186 F.R.D. 604, 609 (E.D. Cal. 1999) ("Plaintiff fails to
10   demonstrate that her inability to comply with the Rule 16
11   Scheduling Order results from her having become aware of
12   information that she could not have reasonably foreseen at the
13   time the order became final." (citation modified)).  In Johnson,
14   for example, diligence was not found because the movant "failed
15   to heed clear and repeated signals" of his failure to "prosecute
16   the case properly," and "that his attorneys failed to pay
17   attention to the responses they received" when filing their
18   pleadings.  975 F. 2d at 609-610.

19         Other factors in the diligence inquiry may include
20   "whether the movant was diligent in helping the court to create a
21   workable Rule 16 Order; whether matters that were not, and could
22   not have been, foreseeable at the time of the scheduling
23   conference caused the need for amendment; and whether the movant
24   was diligent in seeking amendment once the need to amend became
25   apparent."  United States ex rel. Terry v. Wasatch Advantage
26   Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal 2018) (internal
27   quotation marks and citation omitted).

28         There is nothing in plaintiff's activity up to this

point suggesting the kind of delinquency that precludes a finding
of diligence.  Plaintiff does not appear to be ignoring new
knowledge as it becomes available or failing to timely respond to
information.  In her reply, she specifies unforeseen
circumstances that prompted prior modifications and delays,
including the addition of new defendants, the continual guidance
from the Magistrate Judge, and the responses to an amended
complaint.  (See Docket No. 105 at 5-6.)  Plaintiff's responsive
and persistent engagement in the ongoing discovery dispute at
issue in this motion suggests she has been attentive to new
information and timely pursued discovery in light of what she
knows.  Defendants question the viability of plaintiff's
strategy, but the issue of whether a party has pursued their case
wisely is distinct from the issue of whether they have pursued it
diligently.  Cf. Wong v. Regents of University of California, 410
F. 3d 1052, 1062 (9th Cir. 2005) (denying modification because of
plaintiff's failure to act "on a more timely basis" in light of
his awareness).

As part of their criticism of plaintiff's strategy,
defendants emphasize that this is the seventh request for
modification.  (See Docket No. 104 at 8-9.)  But plaintiff is not
solely responsible for that number; a review of the docket
indicates that all previous modifications to the scheduling order
were jointly requested, with defendants disputing the fact
discovery extension in only one instance.  (See Docket Nos. 28,
43, 52, 57, 71, 83.)

Defendants further argue that modifying the scheduling
order would prejudice their case.  (Docket No. 104 at 9.)  But

1   neither evidence nor authority is offered to support this

2   argument.  Moreover, "although the existence or degree of

3   prejudice to the party opposing the modification might supply

4   additional reasons to deny a motion, the focus of inquiry is upon

5   the moving party's reasons for seeking modification."  Johnson,

6   975 F. 2d at 604.

7          Because the court finds that the plaintiff has acted

8   diligently and that there will not be prejudice to defendants,

9   the court will grant plaintiff's motion.

10         IT IS THEREFORE ORDERED that plaintiff's motion to

11  modify the scheduling order (Docket No. 103) be, and the same

12  hereby is, GRANTED.  The scheduling order (Docket No. 86) is

13  modified as follows:

14     1.   Fact discovery shall be completed by **May 19, 2026.**

15     2.   Experts and expert reports shall be disclosed by **June**

16  **18, 2026.**

17     3.   Rebuttal experts shall be disclosed by **July 21, 2026.**

18     4.   Expert discovery shall be completed by **August 20, 2026.**

19     5.   All motions, except motions for continuances, temporary

20  restraining orders, or other emergency applications, shall be

21  filed by **September 21, 2026.**

22     6.   The pretrial conference is set for **December 14, 2026,**

23  **at 1:30 p.m.**

24     7.   The jury trial is set for **February 17, 2027, at 9:00**

25  **a.m.**

26         IT IS SO ORDERED

27  Dated:  October 21, 2025

                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE

28