IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY GREENE, individually and in her capacity as successor-in-interest to the Estate of Michael Hastey,<br><br>       Plaintiff,<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>       Defendants. | No.  2:23-CV-0082-WBS-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court are: (1) Plaintiff's motion for reconsideration of the Court's March 12, 2025, order, ECF No. 74; and (2) Defendants' motion for a protective order, ECF No. 92.  Both motions are fully briefed.  Also before the Court is the parties' joint request for an informal discovery conference, see ECF No. 102, which has been incorrectly docketed as a motion. Following a prior hearing on the separate motions filed by Plaintiffs and Defendants, as well as an informal discovery conference held in an attempt to resolve the present discovery disputes short of a formal order, it is apparent that the parties have reached an irreconcilable impasse and the Court, therefore, now issues a formal order addressing the remaining disputed matters.

/ / /

1

## I.  BACKGROUND

### A.    Plaintiff's Allegations

In the parties' joint statement regarding Plaintiff's earlier motion to compel, which was addressed in the March 12, 2025, order, Plaintiff provides the following brief summary of the nature of the action:

> This civil rights action arises from the brutal and preventable murder of Michael Hastey ("Michael"). Michael's murder occurred on February 18, 2022, on the C Yard at High Desert State Prison ("High Desert"). According to multiple inmate witnesses and CDCR's Investigative Services Unit ("ISU"), the murder was ordered by the Aryan Brotherhood ("AB"). More specifically, the murder was ordered by the AB's "shot caller," William Lutts, who wanted Michael dead for two primary reasons: (1) Michael's Central File ("C File") contained multiple "R Suffix" notations as well as the details of his juvenile arrest (not conviction) for a sex offense; and (2) Michael's biological father, Jason Hastey ("Jason"), was a correctional officer, or guard, at High Desert and a former Lassen County Sheriff's Deputy. On the date of his death, Michael had only been in CDCR custody for seven months and, at 19, he was one of the youngest inmates ever murdered on a California prison yard.
>
> ECF No. 61, pg. 2.

Plaintiff Wendy Greene is Michael Hastey's mother and successor-in-interest to his estate.  See id.

### B.    Procedural History

#### 1.    Stipulated Protective Order

On June 6, 2023, the Court approved the parties' stipulated protective order.  See ECF No. 16.  Among other things, the stipulated protective order provides as follows:

> 7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).
>
> ECF No. 16, pg. 8.

/ / /

/ / /

2

2. <u>Plaintiff's Prior Motion to Compel, Order, and Pending Motion for Reconsideration</u>

On July 14, 2023, Plaintiff served requests for production of documents, set one, on Defendants. <u>See</u> ECF No. 61-3 (Exhibit 1). Defendants served their initial responses on August 10, 2023. <u>See</u> ECF No. 61-4 (Exhibit 2). With their initial responses, Defendants also served a privilege log. <u>See</u> ECF No. 61-5 (Exhibit 2-A). Defendants served their first supplemental responses on August 29, 2023. <u>See</u> ECF No. 61-8 (Exhibit 3). Defendants served their second supplemental responses on September 20, 2023. <u>See</u> ECF No. 61-11 (Exhibit 6).

Following a meet-and-confer video conference on September 21, 2023, Plaintiff served amended requests for production, set one, on October 17, 2023, in which several of Plaintiff's initial requests were narrowed. <u>See</u> ECF No. 61-13 (Exhibit 8).

On October 18, 2023, Defendants served their third supplemental responses to Plaintiff's July 14, 2023, requests for production. <u>See</u> ECF No. 61-18 (Exhibit 10). On November 27, 2023, Defendants served their initial responses to Plaintiff's amended requests for production, set one. <u>See</u> ECF No. 61-22 (Exhibit 11). With these responses, Defendants also provided a second privilege log. <u>See</u> ECF No. 61-23 (Exhibit 11-A). Defendants served their first supplemental responses to Plaintiff's amended requests for production on November 28, 2023. <u>See</u> ECF No. 61-24 (Exhibit 12). On the same day, Defendants served a third privilege log. <u>See</u> ECF No. 61-25 (Exhibit 12-A).

Following further meet-and-confer efforts, on December 15, 2023, Defendants served their fourth supplemental responses to Plaintiff's July 14, 2023, requests for production. <u>See</u> ECF No. 61-28 (Exhibit 15).

At issue in the prior motion to compel were Defendants' responses to Plaintiff's July 14, 2023, requests for production nos. 6, 12, 15, 16, 17, 19, 20, 21, 25, 31, and 32. On March 12, 2025, the Court issued an order denying Plaintiff's motion to compel. <u>See</u> ECF No. 73. Plaintiff has filed a motion for reconsideration of that order, which remains pending. <u>See</u> ECF No. 74.

/ / /

3

3.      Defendants' Pending Motion for a Protective Order

While Plaintiff was conferring with Defendants regarding the discovery outlined above, Plaintiff also pursued discovery from non-party Office of the Inspector General (OIG) pursuant to a subpoena duces tecum served by Plaintiff on OIG on October 17, 2023.  See ECF No. 61-14 (Exhibit 9).  Defendants served objections to Plaintiff's subpoena on October 31, 2023.  See ECF No. 61-15 (Exhibit 9-A).

In the joint statement, Plaintiff offers the following summary of her efforts:

> Over the following months, Plaintiff worked diligently with the OIG to identify and cull **hundreds of thousands of pages** of potentially responsive documents and CDCR database information that Defendants had refused to disclose or even identify. During this time, the OIG would send Plaintiff a log identifying and describing broad categories of potentially responsive documents and information and Plaintiff would respond by identifying those categories that were potentially relevant to her claims. The OIG would then send Plaintiff another log in which the irrelevant documents and information were removed, and more detail was provided about the potentially relevant documents and information. This iterative process continued until June of 2024, when the OIG and Plaintiff were satisfied that the log identified only the documents and information that were relevant to Plaintiff's claims. In other words, because Defendants refused to comply with their discovery obligations, Plaintiff was forced to resort to conducting discovery with a non-party in order to identify the discoverable documents and information in Defendants' possession.

ECF No. 61, pgs. 8-9 (bold in original).

Plaintiff served OIG's privilege log on Defendants on June 13, 2024.  See ECF No. 61-16 (Exhibit 9-B).

On June 2, 2025, Defendants filed a motion for a protective order regarding the OIG discovery and additional discovery served on Defendants.  See ECF No. 92.  This motion remains pending.  On August 4, 2025, the Court held a hearing regarding the pending motions for reconsideration and for a protective order.  At the conclusion of that hearing, the Court directed the parties to engage in further face-to-face meet-and-confer efforts and to submit a letter brief should that process not result in a resolution of the current disputes.  The parties submitted their letter brief on September 5, 2025.  See ECF No. 102.

/ / /

/ / /

4

### 4. Joint Letter Brief

In the parties' joint letter brief, which was submitted in advance of a recent informal discovery conference and which has incorrectly been docketed as a motion, the parties outline the following discovery topics which remain in dispute: (1) Plaintiff's first set of requests for production of documents served in July 2023 and Plaintiffs' pending motion for reconsideration of the March 12, 2025, order; (2) Plaintiffs' second subpoena to OIG; (3) Plaintiffs' third set of requests for production of documents; (4) Defendants' pending motion for a protective order; and (5) Defendants' claim of violation of the June 6, 2023, stipulated protective order. See ECF No. 102.

### 5. Scheduling

On March 6, 2026, the District Judge approved the parties' stipulation to modify the schedule as follows:

- Fact discovery completed by November 20, 2026.

- Expert designations due by December 18, 2026.

- Rebuttal expert designations due by January 27, 2027.

- Expert discovery completed by February 26, 2027.

- Dispositive motions filed by March 26, 2027.

- Pre-trial conference set for June 28, 2027, at 1:30 p.m.

- Jury trial set to commence on August 24, 2027, at 9:00 a.m.

ECF No. 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

This case has been the subject of protracted discovery disputes, several discovery motions, a prior court order, and a recent informal discovery conference. While the parties have indicated in their joint letter brief that some of the disputes have been informally resolved, it is clear that the parties have reached an impasse as to others. The Court now addresses each of the resolved and outstanding discovery issues.

### A.    June 6, 2023, Stipulated Protective Order

The June 6, 2023, protective order was issued upon the stipulation and joint request of the parties. See ECF Ns. 14 and 16. The existence of a dispute regarding the stipulated protective order was first brought to this Court's attention in the parties' joint letter brief submitted on September 5, 2025. See ECF No. 102. According to Defendants:

> Plaintiff did not provide a position on this topic for inclusion in this letter. The parties disagree whether identifying documents produced subject to the parties' stipulated protective order in initial disclosures in a separate case violates the stipulated protective order. It is undisputed that Plaintiff's counsel has identified documents subject to the parties' stipulated protective order in initial disclosures in *Chavez v. St. Andre*, E.D. Cal. Case No. 24cv1384-KJM-JDP. Under Federal Rule of Civil Procedure 26, parties are required to provide a copy or description of documents they "may *use* to support [their] claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). The stipulated protective order prohibits the "use" of confidential documents in other litigation. (*See* ECF No. 16 at 8 ("A Receiving Party may *use* Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.") (emphasis added).) Thus, Defendants' position is that Plaintiff's counsel violated the stipulated protective order. Plaintiff's counsel declined Defendants' request to amend or supplement initial disclosures in the *Chavez* case to remove reference to documents subject to the parties' stipulated protective order and to refrain from using them in other litigation in the future.

ECF No. 102.

It appears that Plaintiff's alleged violation of paragraph 7.1 governing the use of protected information is at issue. This dispute is not currently before the Court by way of a motion for sanctions or other appropriate relief associated with Defendants' claim that paragraph 7.1 has been violated. Absent a formal motion, which Defendants are free to file, the Court does not make any rulings as to whether paragraph 7.1 has been violated and, if so, what relief is

6

appropriate.

**B.    Plaintiff's Motion for Reconsideration of the March 12, 2025, Order; Plaintiff's Third Set of Requests for Production of Documents**

Pending is Plaintiff's motion for reconsideration of the Court's March 12, 2025, order denying her motion to compel further responses to her July 2023 first set of requests for production of documents.  See ECF No. 74.  In the joint letter brief, Plaintiff submits as follows:

> . . . Approximately two months after the motion for reconsideration was filed, Plaintiff decided that she must continue to pursue discovery and served the amended RFPs as her third RFPs. As the first and third RFPs seek similar documents and information, and as the motion for reconsideration did not seek to relitigate the merits of the motion to compel, Plaintiff submits that it is unnecessary for the Court to revisit the propriety of the first RFPs. . . .

ECF No. 102, pg. 1.

Defendants state:

> . . . The parties agree that all disputes arising out of Plaintiff's first set of RFPs are resolved, as explained below. Request Nos. 12, 15-17, 21-22, 25-26, and 31-32, are no longer at issue because they are superseded by Plaintiff's third set of RFPs, which were served on May 8, 2025. Thus, the parties agree that the Court need not further address these requests and can focus on Plaintiff's third set of RFPs. Request Nos. 6, 19, and 20 are also resolved. With respect to Request No. 19 (organizational charts), Defendants were unable to locate organizational charts from 2021 and 2022. The parties agree that Plaintiff can request Defendants identify persons holding positions during 2021 and 2022 and that Defendants will respond to those requests. Plaintiff intends to recraft Request Nos. 6 (CDCR policies) and 20 (medical and mental health care budgets) upon consultation with her expert as a new set of discovery. . . .

ECF No. 102, pgs. 1-2.

Based on the parties' representations, the Court finds that any dispute concerning the merits of Plaintiff's prior motion to compel related to the July 2023 first set of requests for production of documents has been informally resolved.  As such, Plaintiff's motion for reconsideration will be denied as moot.  To the extent some of the discovery sought in the July 2023 requests have been subsumed in a third set of requests for production served by Plaintiff, any dispute as to those requests is not properly before the Court.  Plaintiff may file a motion to compel concerning Defendants' responses to her third set of requests for production without the need to engage in a further information discovery conference.  Any such motion, however, must

7

strictly comply with Eastern District of California Local Rule 251.

**C.** **Plaintiff's Second Subpoena to OIG**

As with Defendants' contention that Plaintiff has violated the June 2023 stipulated protective order, the existence of a potential dispute as to a second subpoena to OIG served by Plaintiff was first brought to the Court's attention in the joint letter brief of September 2025. See ECF No. 102. As to a second subpoena to OIG, the parties state:

> The parties disagree whether the documents sought from the Office of the Inspector General (OIG) are relevant to this lawsuit. However, Defendants recognize that OIG responded to Plaintiff's subpoena and Plaintiff has not moved to compel a further response. Accordingly, the parties agree that there is currently no dispute regarding Plaintiff's second subpoena to the OIG. The parties understand that Plaintiff and the OIG have discussed a joint statement regarding a discovery disagreement concerning this subpoena. The parties agree to include Defendants in further meet and confer efforts with the OIG and in preparing any joint statement regarding a discovery disagreement on this topic.
>
> ECF No. 102, pg. 2.

The Court will accept the parties' representation that there is "currently no dispute regarding Plaintiff's second subpoena to OIG." To the extent a dispute exists, it will be for OIG to file an appropriate motion. The Court, therefore, makes no ruling regarding Plaintiff's second subpoena to OIG.

**D.** **Defendants' Motion for a Protective Order**

The parties' ongoing disagreement as to the appropriate scope of discovery in this case remains at the heart of the current impasse and is the subject of Defendants' pending motion for a broad-ranging protective order.

According to Defendants:

> Plaintiff Wendy Greene filed the instant lawsuit arising out of the February 18, 2022, death of her son, inmate Michael Hastey, at High Desert State Prison (HDSP). (ECF No. 77, hereinafter "FAC.") Generally, she claims 33 Defendants [footnote omitted] were deliberately indifferent or negligent to inmate Hastey because he was inappropriately classified or placed at HDSP, the Defendants failed to reasonably intervene to stop the attack on inmate Hastey, and the Defendants failed to promptly summon or procure medical care following the attack. Since July 2023, Plaintiff has requested overly broad, unduly burdensome, vague, ambiguous, and irrelevant discovery requests regarding unrelated incidents from 2012 (or even earlier) to present and documents related to a 2015 report authored by

8

the California Office of the Inspector General (OIG). But Plaintiff is not litigating the OIG report, she is litigating the circumstances surrounding inmate Hastey's death seven years after the report was released.

The parties have met and conferred for approximately a year and a half to narrowly tailor the scope of these requests to be proportional to the needs of this case, without agreement. And this Court has already found those requests to be overbroad, unduly burdensome, vague, ambiguous, and irrelevant. Despite this finding, Plaintiff continues pursuing discovery outside the permissible scope delineated by Federal Rule of Civil Procedure 26, even going as far as imposing the undue burden on a non-party, the OIG.

* * *

Plaintiff has demonstrated an unwillingness to conduct discovery in a manner consistent with the Federal Rules and instead appears to view discovery as a harassing and overly broad means to gather records and information that are entirely unrelated to this matter. Because of this, and because the CDCR Defendants have attempted to cooperate with Plaintiff in good faith and provided her the voluminous records and information to litigate this case, the CDCR Defendants seek a protective order to limit the scope of current and further discovery to information concerning inmate Hastey's classification and incarceration. Limiting the scope of discovery is required to specifically protect the CDCR Defendants from enduring undue burdens in searching for responsive records with no relevance to this case. In addition to the above limitations, the Court should relieve the CDCR Defendants of the obligation to respond to Plaintiff's pending requests for production of documents and relieve the OIG of the obligation to further respond to Plaintiff's subpoena.

ECF No. 92, pgs. 6, 13.

More specifically, Defendants contend: (1) discovery should be limited to inmate Hastey's classification and incarceration; (2) Plaintiff's discovery requests impose an undue burden on the CDCR Defendants; (3) the outstanding discovery requests propounded by Plaintiff are duplicative of prior requests which were addressed in the March 12, 2025, order denying Plaintiff's motion to compel; (4) the stipulated protective order in this case is insufficient to protect the CDCR Defendants' interests because Plaintiff has violated the protective order. See id. at 13-27.

The Court first addresses subpoenas served on OIG. Plaintiff's argument that Defendants lack standing is persuasive. See California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 ("The general rule. . .is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought"). Here, Defendants have not cited privilege as a basis for a

9

protective order regarding the OIG subpoenas.  Instead, Defendants argue the subpoenas are overly burdensome to OIG.  See ECF No. 92, pg. 19.  In their motion for a protective order, Defendants contend that Plaintiff's subpoenas to OIG "seek[] irrelevant information, [are] unreasonably overbroad, unduly burdensome, and disproportionate to the needs of the case." ECF No. 92, pg. 24.  Defendants do not raise any arguments relating to privilege such as would provide them standing to seek relief on behalf of OIG.

As outlined above with respect to a second subpoena to OIG, the parties appear to agree on the standing issue and Defendants recognize that it will be for OIG to file an appropriate motion as to such discovery.

The Court thus reaches the heart of Defendants' motion for a protective order, specifically the contention that the discovery sought by Plaintiff in her various document requests is overbroad and burdensome.  Under Federal Rule of Civil Procedure 26(c), the Court may, upon a showing of good cause, limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.  See Fed. R. Civ. P. 26(c); see also GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 285-86 (S.D. Cal. 2000).  The moving party must make a clear showing of a particular and specific need for the order.  See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  "A party asserting good cause [for a protective order] bears the burden, **for each particular document it seeks to protect**, of showing that specific prejudice or harm will result if no protective order is granted."  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added).

Under the plain language of the rules, a motion for a protective order under Rule 26(c) is forward-looking in that it is meant to challenge a specific discovery request before a response is made.  A motion to compel under Rule 37, on the other hand, is backward-looking in that it challenges a specific response to a discovery request.  The common denominator of both rules is that a specific discovery request has been made.  In the context of discovery requests which have been responded to, such as Plaintiff's first set of requests for production of documents from July 2023, the Court has previously provided the parties with guidance as to the scope of such discovery.  See ECF No. 73 (March 12, 2025, order).

10

To the extent Defendants seek a sweeping protective order as to discovery requests which have yet to be served or responded to, the Court finds that Defendants have failed to make a particularized showing as to each document they seek to protect. See Foltz, 331 F.3d at 1130. Rather, Defendants' motion speaks in generalities as to discovery requests which may be served by Plaintiff. As such, Defendants fail to show good cause for the protective order they seek. The Court will deny Defendants' motion without prejudice to renewal in the context of a forward-looking motion for a protective order as specific discovery requests made by Plaintiff. Alternatively, the Court will entertain an appropriate backward-looking motion to compel by Plaintiff as to responses served by Defendants which Plaintiff contends are insufficient. At this time, however, the Court is not inclined to guess as to what discovery requests or responses may be made by the parties, or to engage in the process of issuing purely advisory opinions. The parties are reminded of the Court's expectation that any future discovery motions, whether motion for protective order or motion to compel, shall strictly comply with the requirements of the local rules.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration, ECF No. 74, is DENIED as moot.

2. Defendants' motion for a protective order, ECF No. 92, is DENIED without prejudice.

3. The Clerk of the Court is directed to terminate ECF No. 102 as a pending motion.

Dated: April 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11