**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY GREENE, individually and in her capacity as successor-in-interest to the Estate of Michael Hastey, | No.  2:23-CV-0082-WBS-DMC |
| Plaintiff, | ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendants' motion for partial reconsideration of a portion of the Court's April 15, 2026, order.  See ECF No. 115.  Plaintiff has filed an opposition.  See ECF No. 117.  Defendants have filed a reply.  See ECF No. 118.  Also pending is Plaintiff's motion for reconsideration by the District Judge of other portions of the April 15, 2026, order.  See ECF No. 114.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v.

1

McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

## I.  BACKGROUND

### A.    **Plaintiff's Allegations**

In the parties' joint statement regarding Plaintiff's earlier motion to compel, Plaintiff provides the following brief summary of the nature of the action:

> This civil rights action arises from the brutal and preventable murder of Michael Hastey ("Michael"). Michael's murder occurred on February 18, 2022, on the C Yard at High Desert State Prison ("High Desert"). According to multiple inmate witnesses and CDCR's Investigative Services Unit ("ISU"), the murder was ordered by the Aryan Brotherhood ("AB"). More specifically, the murder was ordered by the AB's "shot caller," William Lutts, who wanted Michael dead for two primary reasons: (1) Michael's Central File ("C File") contained multiple "R Suffix" notations as well as the details of his juvenile arrest (not conviction) for a sex offense; and (2) Michael's biological father, Jason Hastey ("Jason"), was a correctional officer, or guard, at High Desert and a former Lassen County Sheriff's

/ / /

/ / /

2

Deputy. On the date of his death, Michael had only been in CDCR custody for seven months and, at 19, he was one of the youngest inmates ever murdered on a California prison yard.

ECF No. 61, pg. 2.

Plaintiff Wendy Greene is Michael Hastey's mother and successor-in-interest to his estate. See id.

### B.    Procedural History

#### 1.    Plaintiff's Prior Motion to Compel, Order, and Motion for Reconsideration

On July 14, 2023, Plaintiff served requests for production of documents, set one, on Defendants. See ECF No. 61-3 (Exhibit 1). Defendants served their initial responses on August 10, 2023. See ECF No. 61-4 (Exhibit 2). With their initial responses, Defendants also served a privilege log. See ECF No. 61-5 (Exhibit 2-A). Defendants served their first supplemental responses on August 29, 2023. See ECF No. 61-8 (Exhibit 3). Defendants served their second supplemental responses on September 20, 2023. See ECF No. 61-11 (Exhibit 6).

Following a meet-and-confer video conference on September 21, 2023, Plaintiff served amended requests for production, set one, on October 17, 2023, in which several of Plaintiff's initial requests were narrowed. See ECF No. 61-13 (Exhibit 8).

On October 18, 2023, Defendants served their third supplemental responses to Plaintiff's July 14, 2023, requests for production. See ECF No. 61-18 (Exhibit 10). On November 27, 2023, Defendants served their initial responses to Plaintiff's amended requests for production, set one. See ECF No. 61-22 (Exhibit 11). With these responses, Defendants also provided a second privilege log. See ECF No. 61-23 (Exhibit 11-A). Defendants served their first supplemental responses to Plaintiff's amended requests for production on November 28, 2023. See ECF No. 61-24 (Exhibit 12). On the same day, Defendants served a third privilege log. See ECF No. 61-25 (Exhibit 12-A).

Following further meet-and-confer efforts, on December 15, 2023, Defendants served their fourth supplemental responses to Plaintiff's July 14, 2023, requests for production. See ECF No. 61-28 (Exhibit 15).

3

At issue in the prior motion to compel were Defendants' responses to Plaintiff's July 14, 2023, requests for production nos. 6, 12, 15, 16, 17, 19, 20, 21, 25, 31, and 32.  On March 12, 2025, the Court issued an order denying Plaintiff's motion to compel.  See ECF No. 73.  Plaintiff filed a motion for reconsideration of that order.  See ECF No. 74.  Plaintiff's motion for reconsideration was addressed in the April 15, 2026, order.

2.      Defendants' Motion for a Protective Order

While Plaintiff was conferring with Defendants regarding the discovery outlined above, Plaintiff also pursued discovery from non-party Office of the Inspector General (OIG) pursuant to a subpoena duces tecum served by Plaintiff on OIG on October 17, 2023.  See ECF No. 61-14 (Exhibit 9).  Defendants served objections to Plaintiff's subpoena on October 31, 2023, but did not file a motion to quash the subpoena.  See ECF No. 61-15 (Exhibit 9-A).

In the joint statement, Plaintiff offers the following summary of this process:

> Over the following months, Plaintiff worked diligently with the OIG to identify and cull **hundreds of thousands of pages** of potentially responsive documents and CDCR database information that Defendants had refused to disclose or even identify. During this time, the OIG would send Plaintiff a log identifying and describing broad categories of potentially responsive documents and information and Plaintiff would respond by identifying those categories that were potentially relevant to her claims. The OIG would then send Plaintiff another log in which the irrelevant documents and information were removed, and more detail was provided about the potentially relevant documents and information. This iterative process continued until June of 2024, when the OIG and Plaintiff were satisfied that the log identified only the documents and information that were relevant to Plaintiff's claims. In other words, because Defendants refused to comply with their discovery obligations, Plaintiff was forced to resort to conducting discovery with a non-party in order to identify the discoverable documents and information in Defendants' possession.

ECF No. 61, pgs. 8-9 (bold in original).

Plaintiff served OIG's privilege log on Defendants on June 13, 2024.  See ECF No. 61-16 (Exhibit 9-B).

On June 2, 2025, Defendants filed a motion for a protective order regarding the OIG discovery and additional discovery served on Defendants.  See ECF No. 92.  On August 4, 2025, the Court conducted an informal discovery conference regarding the pending motions for reconsideration and for a protective order.  At the conclusion of that conference, the Court

4

directed the parties to engage in further face-to-face meet-and-confer efforts and to submit a letter brief should that process not result in a resolution of the current disputes. The parties submitted their letter brief on September 5, 2025. See ECF No. 102. Defendants' motion for a protective order was addressed in the April 15, 2026, order.

>            3.      The April 15, 2026, Order

The Court's April 15, 2026, order addressed all outstanding discovery issues. See ECF No. 113. Specifically, the Court addressed: (a) Plaintiff's motion for reconsideration of the Court's March 12, 2025, order; (b) Defendants' motion for a protective order; and (c) the parties' joint discovery dispute letter brief filed. See id. Relevant to the pending motion for partial reconsideration is the Court's ruling regarding Plaintiff's third set of requests for production of documents. As to this issue, the Court stated as follows:

> Pending is Plaintiff's motion for reconsideration of the Court's March 12, 2025, order denying her motion to compel further responses to her July 2023 first set of requests for production of documents. See ECF No. 74. In the joint letter brief, Plaintiff submits as follows:

> > . . . Approximately two months after the motion for reconsideration was filed, Plaintiff decided that she must continue to pursue discovery and served the amended RFPs as her third RFPs. As the first and third RFPs seek similar documents and information, and as the motion for reconsideration did not seek to relitigate the merits of the motion to compel, Plaintiff submits that it is unnecessary for the Court to revisit the propriety of the first RFPs. . . .

> ECF No. 102, pg. 1.

> Defendants state:

> > . . . The parties agree that all disputes arising out of Plaintiff's first set of RFPs are resolved, as explained below. Request Nos. 12, 15-17, 21-22, 25-26, and 31-32, are no longer at issue because they are superseded by Plaintiff's third set of RFPs, which were served on May 8, 2025. Thus, the parties agree that the Court need not further address these requests and can focus on Plaintiff's third set of RFPs. Request Nos. 6, 19, and 20 are also resolved. With respect to Request No. 19 (organizational charts), Defendants were unable to locate organizational charts from 2021 and 2022. The parties agree that Plaintiff can request Defendants identify persons holding positions during 2021 and 2022 and that Defendants will respond to those requests. Plaintiff intends to recraft Request Nos. 6 (CDCR policies) and 20 (medical and mental health care

budgets) upon consultation with her expert as a new set of discovery. . . .

ECF No. 102, pgs. 1-2.

Based on the parties' representations, the Court finds that any dispute concerning the merits of Plaintiff's prior motion to compel related to the July 2023 first set of requests for production of documents has been informally resolved. As such, Plaintiff's motion for reconsideration will be denied as moot. To the extent some of the discovery sought in the July 2023 requests have been subsumed in a third set of requests for production served by Plaintiff, any dispute as to those requests is not properly before the Court. Plaintiff may file a motion to compel concerning Defendants' responses to her third set of requests for production without the need to engage in a further information discovery conference. Any such motion, however, must strictly comply with Eastern District of California Local Rule 251.

ECF No. 113, pgs. 7-8.

## II. DISCUSSION

Defendants seek an order reconsidering the Court's ". . .order denying the CDCR Defendants' request to be relieved of the obligation to respond to Plaintiff's third set of requests for production of documents because it clearly erred in making the decision."  ECF No. 115, pg. 4.  According to Defendants:

. . . In ruling on this aspect of the discovery dispute, the Court considered that Plaintiff had not served those discovery requests and the CDCR Defendants had not identified requests at issue. Reconsideration is warranted because Plaintiff served the third set of requests for production on May 8, 2025, and the CDCR Defendants identified all seven requests for production of documents as warranting a protective order. The Court should relieve the CDCR Defendants from the obligation to respond to the requests because they were at issue in the motion for protective order and are unduly burdensome and duplicative of Plaintiff's previous discovery requests, among other things.

Id. at 2.

Defendants' assertion that the Court has misread the status of Plaintiff's third set of requests for production is, itself, based on a misreading of the April 15, 2026, order. Specifically, contrary to Defendants' assertion, the Court acknowledged that the requests had been served.  Also contrary to Defendants' assertion, at no point had any dispute concerning Plaintiff's third set of requests for production been formally brought before the Court.  Instead,

6

the parties, for the first time, addressed Plaintiff's third set of requests for production in their joint letter brief, as the Court observed in the April 15, 2026, order.  While Defendants are correct that the parties' assertions as to the items of discovery sought in Plaintiff's third set of requests for production were indeed set forth in the joint letter brief, this did not bring the issue formally before the Court due to non-compliance with Eastern District California Local Rule 251 governing discovery disputes.  In particular, and contrary to the requirements of Rule 251, the joint letter brief did not provide the Court with the exact language of the discovery requests in dispute, or Defendants' precise objections and responses thereto.  The April 15, 2026, order appropriately directed the parties to file a formal motion in compliance with Local Rule 251 to the extent a dispute remains regarding Plaintiff's third set of requests for production.

To the extent Defendants seek reconsideration of the portion of the Court's April 15, 2026, order denying their request for an expansive protective order, which if ultimately granted would relieve Defendants of their obligation to respond to the third set of requests for production of documents, that issue is not before the Court.  With the undersigned's ruling here, Defendants remain obligated to respond to all outstanding discovery consistent with the requirements of the Federal Rules of Civil Procedure. But no order has issued, nor is being issues here, with regard to the adequacy of any responses to the subject Third Set of Requests for Production, nor has there been an order compelling responses, in that the issue of any such responses has not been properly placed before this Court.  At the current time, the Court has <u>not</u> granted a sweeping protective order, and Plaintiff has <u>not</u> elected to bring forward any formal motion concerning the third set of requests for production of documents.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for partial reconsideration of the April 15, 2026, order with respect to Plaintiff's third set of requests for production of documents, ECF No. 115, is denied.

Dated:  June 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7